JOHN F. HIGGS, SURVIVING PARTNER, &c., PLAINTIFF IN ERROR, vs. MARY SHEHEE, DEFENDANT IN ERROR.

A book account, in this State, is not admitted as evidence of the sale and delivery of the goods, even though it may be proved that the account sued on is an exact transcript from plaintiff's books, and that they were fairly and honestly kept.

So, also, the testimony of a witness that he knew of the delivery of a part of the articles charged to defendant, and another part to defendant's overseer, with-

out any evidence as to the particular articles, or their value, is not sufficient to justify a judgment for plaintiff for *any* amount.

A party demurring to evidence admits the truth of that to which he demurs, and those conclusions of fact which the jury may fairly, that is, legally, draw from it.

When the evidence is so loose, uncertain and indeterminate, that no verdict could be rendered upon it by a jury, the Court, upon a demurrer to such evidence, should not give judgment, but set aside the demurrer, and award *a venire facias de novo.*

The opinion of the Court, as delivered by the Chief Justice, contains a statement of the case.

*Maxwell* for plaintiff in error.

ANDERSON, *Chief Justice*—

This was an action of assumpsit, brought in the Circuit Court for Madison County, by the present appellant, against Mary Shehee, on a merchant's account. The declaration is in the usual form, and the bill of particulars filed with it is an account against the defendant · for sundry articles of merchandise, amounting to $107 48.

The defendant filed the general issue, and with it a notice that at the trial she would prove payment and set off. The evidence does not tend to establish this allegation of payment and set off, so that there was no other real issue than that presented by the plea of non assumpsit.

Thomas J. Chace was the only witness examined, and his testimony was substantially as follows :

He was in the employment of Rowles & Higgs during the year 1843, as clerk and book-keeper—knows of the existence of an account against the defendant for that year ; its amount was $107 48, " as by examination of the books " now before the witness"—the account constituting the bill of particulars, was made out by witness from the books of Rowles & Higgs, and is a correct transcript from them.

Witness believes that the books of Rowles & Higgs were

fairly and honestly kept—witness knows that a part of the articles enumerated in the account were purchased by the defendant, and delivered, and others were got by the overseer of defendant, and delivered to him, as witness presumes, by her order or direction, which were at times written by her.

Witness believes, from an examination of the books, that the account, " as above stated, and now in controver-" sy, is correct, unpaid, and justly due to the firm of said " Rowles & Higgs, according to the best of his knowledge " and belief."

Defendant offered no evidence, but demurred to the plaintiff's evidence, and the plaintiff joined in the demurrer.

Upon this issue, the Court gave judgment for the defendant, with costs, to which judgment the plaintiff excepted, and his bill of exceptions being signed and sealed by the Judge, is a part of the record which has been brought before us.

The effect of a demurrer to the evidence is, " that the " party demurring admits the truth of the testimony to " which he demurs, and also those conclusions of fact " which the jury may fairly draw from that testimony. " Forced and violent inferences he does not admit, but " the testimony is to be taken most strongly against him, " and such conclusions as a jury might justifiably draw, the " Court ought to draw." Pawling et al. vs. United States, 2 Cond. R., 93. In the case of Young et al. vs. Black, in the same volume of Reports, 609 p., Mr Justice Story says: " The party demurring is bound to admit as true, " not only all the facts proved by the evidence introduced " by the other party, but also all the facts which that evi-" dence may legally conduce to prove."

In applying the rule thus laid down by the Supreme

Court to the evidence in the case before us, we find, in the first place, that the facts stated by the witness, though taken to be true, do not directly establish the plaintiff's case. Those facts are of two distinct kinds : first the testimony of the witness as to the books ; and, secondly, as to the delivery. The facts, though admitted by the demurer to be true, that the witness was clerk and book-keeper for the plaintiff, and knew of the existence of the account, and of its amount, from an examination of the books : that the account filed was a correct transcript from the books, and that he believed the books to be fairly and honestly kept, are not direct proof of the assumpsit of the defendant as charged in the declaration. A book account is not admitted in this State to be evidence of the sale and delivery of goods. Such is the general rule of the English law, even in the case of a regular tradesman's books, 1 Buller's N. P., 282, and in those countries and States where tradesmens' books are admitted as evidence, it is always in connection either with the suppletory oath of the party, or from the supposed necessity of the case, where the party does not keep a clerk. See Pothier on Obligations, quoted in 12 J. R. 464, and cases referred to in the same book from several of the New England States. In this State, we have not relaxed the English rule, which is in perfect consistency with the general law of evidence, (unless the allowing a party to swear to an account under fifty dollars in a Magistrate's Court may be so considered,) and we hope that it will never be relaxed.

In this case, however, the book account is not even sustained by the oath of the party, nor is there any supposed necessity, as in the New York cases, from there being no clerk, of admitting it : so that there is really no direct proof in this branch of the testimony to sustain the case. So also it is very clear that the testimony of the witness,

that he knew of the delivery of a part of the articles to defendant and another part to her overseer, without saying how much and what was their value, however true, is not sufficient of itself to justify a judgment for the plaintiff for any amount.

The facts proved being thus insufficient of themselves and directly to establish the plaintiff's case, let us see, in the second place, if the conclusions of fact which the jury might fairly draw from the testimony without forced and violent inferences, (to use the language of Judge Marshall,) will answer.

The word "fairly," which here qualifies the right of a jury to draw their conclusions, must be understood to import "legally," for nothing is fair in a Court of Justice but what is sanctioned by the rules of law, and in the citation made from Judge Story, it is said the demurrant admits "all the facts which the testimony legally may conduce to "prove." Could, then, a jury have legally concluded, from the facts proven, that the goods were bought by defendant? Could they have legally come to this conclusion, because the account was a correct transcript from books which were admitted to be fairly and honestly kept?

If the jury had any doubt on this point, it would be their duty to ask counsel of the Court, and they would then learn that they could not arrive at such conclusion, without doing violence to plain and well established rules of law.

There are two distinct characteristics of evidence which are to be regarded in this connection : I mean its relevancy and its weight. The first it is the province of the Court to determine ; the second belongs to the jury. The demurrer to the evidence, while it substitutes the Court for the jury in its peculiar duty of weighing the evidence, does not relieve the Court of its own appropriate duty of

judging of its relevancy. Nor is it to the discharge of this part of its duty by the Court that the rule of finding all that a jury might fairly find, has any application. The rules of law are uniform and inflexible.

The relevancy of evidence is the same, with or without a demurrer to the evidence, and in both cases must be decided by the Judge. The weight of evidence, when determined to be relevant, is variable, and it is only in this regard that the Judge, when put in the place of the jury, must lean as much as he fairly can against the demurring party. In this case the Judge knows, in his character as Judge, that account books of themselves are no sufficient evidence of an account, and however much weight is given to the evidence with that qualification, it will avail nothing to the plaintiff, for it is not proper evidence, and must be discarded by the Judge from his consideration, as he would instruct a jury to discard it from their's.

These considerations have satisfied me that the Court below committed no error in not giving judgment for the plaintiff on this demurrer.

It is not so clear to me that his Honor was right in giving judgment for the defendant. To ascertain this, will lead us into a more extended inquiry into the nature of a demurrer to evidence, and the law regulating it.

The older books made a distinction between written and parol evidence, "but it is now well settled that evidence " of any kind, written or parol, direct or circumstantial, " is a subject of demurrer." (Gould's Pl. 433.) But it is not in every case that the opposing party is compelled to join in demurrer. Where the evidence is direct and certain, he will be compelled; but it is otherwise when the evidence is " loose and indeterminate," or when it is " cir-" cumstantial." In cases of this latter sort, he cannot be compelled to join in demurrer, unless the demurring party

admit expressly on the record every fact that the " loose and " indeterminate" and " circumstantial" evidence conduces to prove—thereby relieving the Court from the task of weighing doubtful and uncertain evidence. Without an express admission of this nature, the other party is not bound to join, and if he does, the Court can pronounce no judgment on the demurrer.

These general rules are found in Mr. Gould's Treatise on Pleading in his chapter on demurrers, and he illustrates them by a reference to the leading case of Gibson & Johnson vs. Hunter, in 2 H. Black. 205. " That was an action " by the holder against the acceptors of a bill of exchange, " payable to a fictitious payee, or order, and which, after " the acceptance had been endorsed by the drawers in the " name of the fictitious payee, for valuable consideration " to the plaintiff. The latter exhibited evidence of a long " course of dealing in similar bills between the drawers " and acceptors—for the purpose of raising a presumption, " from these circumstantial facts, that the defendant, at " the time of accepting the bill, knew the payee to be fic-" titious; and of then urging, as matter of law, that if this " presumption was established, the defendants were bound " by their acceptance. To this evidence, the defendants " demurred, without admitting, upon the record, their " *knowledge*, at the time of accepting the bill, that the " payee was fictitious, and the plaintiff joined in demur-" rer. But it was resolved in the House of Lords, by the " unanimous opinion of the Judges, that, because the de-" fendants' knowledge of the payee being a fictitious per-" son, (which was the great point of fact in issue,) was not " expressly admitted on the record, the point of law inten-" ded to be raised by the demurrer could not arise upon the " record, and consequently that no judgment could be " given upon the demurrer."

The Lord Chief Justice, (Eyre,) in giving to the House of Lords this opinion, concludes as follows: "We conceive " no judgment can be given on this record. The examin- " ation of the witnesses in the case has been conducted so " loosely, or this demurrer has been so negligently framed, " that there is no manner of certainty in the state of facts, " upon which any judgment can be founded. There " ought to be an award of a *venire facias de novo*. The " issue joined between the parties, in effect has not been " tried, and the case of Wright vs. Pindar is expressly in " point, that another *venire facias* should issue."

The only portion of the evidence, in the case before us, which legally conduces to the proof of the issue, is the testimony of the witness in relation to the delivery of some of the articles enumerated in the bill, to the defendant and her accredited agent, but it is so " uncertain and indeter- " minate" as to render it impossible for any reasonable verdict to be founded on it. The amount of goods thus delivered, and their value, are alike left uncertain.

A judgment for one cent, as suggested by the counsel for the plaintiff, would be doing injustice to the plaintiff, if his demand has any merit in it, while at the same time the evidence is not determinate enough to justify even that judgment against the defendant, for no attempt is made to prove any value in the articles delivered, and this should not be left to mere conjecture. On the other hand, the evidence is sufficient to prove that there was some indebtedness on the part of the defendant to the plaintiff, however impossible it was to fix its amount from the testimony on the record. The fact that the evidence in the case of Gibson vs. Hunter was uncertain and indeterminate, insufficient to warrant a judgment for the plaintiff, was not thought to be a competent reason for rendering judgment for the defendant; but the Lords were advised by the

judges that it was a reason for ordering a new *venire*, and such was their judgment.

So, in the case before us, while the evidence is manifestly insufficient to justify a judgment for the plaintiff, we think there were sufficient grounds for his Honor below to refrain from pronouncing any judgment on the demurrer, which he had a right to do. Gould's Pl., 437, 2 H. Bl., 209.

It is accordingly the opinion of the Court that a *venire facias de novo* be awarded.

THOMPSON, *Justice*, delivered the following opinion :

A demurrer to evidence is a proceeding by which the Judge before whom a cause is tried, is called upon to declare what the law is upon the facts shown in evidence, and is analogous to the demurrer upon facts alleged in pleading. The effect of it is to take from the jury, and refer to the Court, the application of the law to the facts.— Regularly before the party demurring can call upon his adversary to join in demurrer, he should admit, upon the record, every fact which the evidence conduces to prove, or if this is not done, the Court is to draw the same inferences and conclusions which a jury might fairly do, for the demurrer admits the truth of all facts which, upon the evidence stated, might be found by the jury in favor of the party offering the evidence. (Gibson vs. Hunter, 2 H. Blk. R. 187. Cocksedge vs. Fanshaw, Dougl. R., 131.) The demurrer acts upon facts, not the evidence of facts, and the evidence is to be taken most strongly against the party demurring : the Court is not to investigate the facts in dispute, or to weigh the force of testimony, but to assume as facts what the evidence reasonably conduces to prove.

These rules are well established upon authority, and I

propose to take them as my guides, in arriving at a conclusion upon this demurrer. The action is for goods, &c. sold and delivered, and the pleas, the general issue and payment. Under the issue on the first named plea, it was incumbent on the plaintiff to prove the sale and delivery of the goods, and the price agreed upon to be paid for them, or the value thereof. The only evidence offered by the plaintiff was the deposition of Thomas J. Chace, who was examined under a *dedimus*. This witness deposed that he was in the employment of plaintiff and his late partner during the whole time mentioned in the account, in the capacity of Clerk and book-keeper; that the account annexed to the deposition, amounting to $107 48, was correctly transcribed from the books by himself; that they were fairly and honestly kept, and that he knows a part of the articles enumerated in said annexed account were purchased by and delivered to defendant herself, and others were gotten by defendant's overseer, and were delivered to him by defendant's order and direction, which were sometimes in writing. The account, or bill of parcels, to which the witness refers as annexed, exhibits the price or value of each item charged therein.

Taking this testimony most strongly against the party demurring, and in favor of the party offering, it seems to me that if a jury had passed upon it, and found a verdict for plaintiff, the Court would not have been authorized to disturb it as a verdict against evidence. The witness was clerk and book-keeper; it may therefore fairly be presumed that he either sold and delivered the goods, or was cognizant of the sale, and made the entries in the books by which they were charged. There was therefore no one more competent to prove the plaintiff's demand, or the character of the books for fairness and honesty. Again, he speaks of his personal knowledge of the delivery of a

part of the articles to the defendant in person, and others to her overseer upon her orders and directions. The value or prices of the articles being fixed to each item respectively in the bill of parcels, to which the witness refers, is certainly some evidence of the value thereof. But it is supposed that there may have been other clerks and book-keepers, and that some of the sales and entries may have been made by such others, and that there may have been some articles charged, the sale and delivery whereof, he may not have known anything about, save by the entry on the books; and the testimony is not sufficiently precise to exclude such a presumption. The answer is, that it is not the province of the Court to scan with such nicety the evidence of the facts: it is the province of the jury to weigh testimony and decide: under the demurrer the Court is to assume as facts what the evidence conduces to prove, not what it conclusively proves. So again it may be answered, "*idem est non esse, et non apparere,*" as the witness does not speak of any other clerks or book-keepers than himself, or any other goods sold than those which he knew were delivered to the defendant, or her overseer, it must be presumed there were no others.

Upon every point of view, I am satisfied that the Court below erred, for if, in his opinion, the evidence was loose and indeterminate, he should have refused to give any judgment, but should have set aside the demurrer and awarded *a venire de novo.* Gibson vs. Hunter, 2 H. Blk. R. 187. Fowle vs. Common Council of Alexandria, 6 Peter's Cond. R. 328. Believing as I do that this demurrer has been inconsiderately entered and joined, that the force and effect of the pleading was not fully appreciated; and as there was an issue on the plea of payment by the defendant, on which of course she has had no opportunity of offering proof, and that the entry of a judgment in this

Court for the plaintiff on the demurrer would operate as a surprise upon the defendant, and possibly cut off a defence on the merits, I find but little difficulty in concurring with the Chief Justice in his conclusion, to reverse the judgment and remit the case to the Court below with an award of a *venire facias de novo.*

SEMMES, *Justice,* dissented, and delivered the following opinion :

I cannot assent to the judgment of the Court in awarding a *venire facias de novo.*

I give my unqualified concurrence to that portion of the opinion delivered by the Chief Justice which maintains that the evidence in the Court below was insufficient to warrant a judgment for the plaintiff; and I frankly confess I know of no principle of law which would authorize a Court or jury to refer to the bill of particulars in a plaintiff's declaration to supply any defect or omission in the evidence.

If it can be referred to as proof, or to aid the proof, for one purpose, it can be for all purposes.

If it is evidence to establish any one item, it is evidence to establish the whole cause of action; and as a consequence, the extent of a plaintiff's recovery, instead of depending upon the well defined rules of evidence, would be determined by every plaintiff in framing his bill of particulars. The sole object of a bill of particulars is to apprise the opposite party of the cause of action, its character and extent; not that it contains intrinsic evidence of its correctness, or raises the slightest presumption of indebtedness.

But I am compelled to dissent from the opinion so far as it determines that the Court below committed error in sustaining the demurrer. If, as is conceded, the Court be-

low could not, under the evidence, overrule the demurrer and give judgment for the plaintiff, it was bound to sustain the demurrer and give judgment for the defendant. I do not say that this would follow in every case, but under the facts in this, it does result as a necessary consequence. The opinion of the Court, as I understand it, is based on the hypothesis that the evidence in this case was of such a character that no judgment could be given for either party upon demurrer.

If this be true, the judgment pronounced by this Court is sustained by authority, and cannot be questioned.

There can be but little diversity of opinion as to the effect of a demurrer to evidence. It is well settled that a party who demurs, withdrawing thereby the consideration of the facts from the jury, is bound to admit not only the truth of the evidence, but every fact which that evidence legally conduces to prove in favor of the other party; and if, upon the facts, a jury, by a fair construction of the evidence, would have been authorized to have given a verdict against the party demurring, the Court would also be at liberty to give judgment against him. 3 Peters' Rep., 36, 96, 2 Blackstone Rep., 209. In other words, the Judge being substituted in the place of the jury, in the consideration of the facts, is bound to give the same weight and construction to the evidence which the jury could do, under his construction of the law, arising from the facts. The whole proceeding upon a demurrer to evidence being under the control of the Court, it will not, I admit, rule a party to join in a demurrer, where the evidence is purely circumstantial, or of such a loose and undefined character that a doubt is entertained as to its effect, unless the party demurring admit, if need be, on the record, every fact which could be reasonably inferred from it, or which, in the words of the authorities, it conduces to establish.

The application of these well settled principles to the evidence in this case, will determine the question before us. The facts proven are substantially these : That the account sued on is a correct transcript from the books of Rowles & Higgs, and that witness knows that a part of the articles enumerated were purchased by the defendant, and delivered. Is this evidence so uncertain and undefined that there is a doubt as to its meaning ? And was not the Court below as fully competent to determine its import and effect as a jury ? If the evidence was circumstantial, operating beyond proof of the fact of sale and delivery, or if it was susceptible of more than one construction, and a reasonable doubt existed as to which construction should prevail, then I concede it was the province of a jury to draw the inference and determine the question. But what does this evidence legally conduce to prove ? Certainly not the value of any one of the items charged, or any other fact available to the plaintiff.

Instead of demurring to the evidence, had the issue been submitted to a jury, what would have been the result ? The Court would have been bound to have instructed the jury to have found for the defendant, and for the reason that there was no evidence to sustain the issue ; for, so far from the transcript of the books, though attested by the clerk or book-keeper, being evidence, the books themselves would have been no evidence ; and that in the utter absence of all proof of the value of any article, it was not the province of the jury, from the isolated fact of the delivery of some of the items, to infer a delivery of all, and arbitrarily affix any value, or assess any damages ; for, unlike a judgment by default, the plea in this case denying all cause of action, the plaintiff was not entitled to even nominal damages.

It cannot be said that the evidence in this case was cir-

cumstantial, from which the jury could have inferred any fact sufficient to sustain the cause of action, or any part of it. The evidence did not warrant any inference or deduction beyond the fact proved.

The case of Gibson vs. Hunter, 2 Blackstone Rep., 187, is relied on by the Court as authority in this case. But, with due deference, I do not think the authority applicable. It is unnecessary to refer particularly to the facts in that case, as reported ; it is sufficient to say that the evidence was purely circumstantial. And in answer to the question propounded by the House of Lords, whether upon that evidence any judgment could be rendered by the Court upon demurrer, Chief Justice Eyre said, "That " the examination of the witnesses in the case had been con- " ducted so loosely, or the demurrer had been framed so " negligently, that there was *no manner of certainty in* " *the state of facts*, upon which *any* judgment could be " founded," and a *venire de novo* was awarded upon the ground that, by reason of the party demurring, not admitting upon the record the facts which this circumstantial evidence conduced to prove, the issue between the parties had not in fact been tried. But it is further said in this authority, that the same rule of law requiring a party to join in demurrer, where the evidence offered is *written*, applies to parol evidence, when it is certain, and admits of no variance.

Wherein consists the analogy between the authority and the case before us ? Is the evidence here "loose, inde- " terminate and circumstantial ?" Or is it not well defined, admitting of no variation or inference ? In one sense, the evidence in this case is uncertain, and so may be said of all evidence, however definite, which fails in establishing the point in issue. And so all *relevant* evidence offered by a plaintiff *conduces* to prove the issue.

But this is not the sense in which the term is used in the authorities; otherwise, no one could demur to evidence unless he admitted the *facts put in issue,* which admission would be a sufficient answer to and overrule the demurrer.

If, as is contended, the plaintiff in the Court below was not compelled to join in demurrer, under the proofs, I ask what fact was the defendant bound to admit under his demurrer beyond the sale and delivery of the articles? If their value as charged, it would in effect have been a confession of judgment for the entire demand; and the effect of a demurrer to evidence would, therefore, be to defeat its very object and purpose.

One of two propositions we are bound to admit;—either that the evidence in this case conduces to prove no fact beyond a sale and delivery of the goods, in which event the judgment of the Court below was correct, or that the evidence conduces to prove the entire demand of the plaintiff, which no one, I apprehend, would be willing to concede.

Giving to this evidence the utmost latitude, I do not find that the facts as proven, unaided by other testimony, establish anything material to the issue, and that, as it admits of no inference or interpretation in favor of the plaintiff, I do not see the necessity of calling for the investigation of a jury, which must result in a verdict no wise different from the judgment of the Court.