The Cettef Justice
delivered the opinion of the court.
Demurrers, to evidence are so seldom resorted to, that in many of the States the practice is scarcely known to the profession. ' In this State but one case has been before this court, and then the question that arises here was avoided. Higgs vs. Shehee, 4 Fla., 382. From the reading of that case we infer that the demurrer was properly framed.
In the present case the plaintiff having submitted his testimony, all of which was oral, the defendant’s counsel announced that he demurred to the evidence, whereupon the court discharged the jury, plaintiff’s counsel asked leave to amend his declaration, which motion was denied, and the court gave judgment for the defendants upon the de-ipurrer.
By consulting the ancient practice, the present case is readily determined.
If both parties voluntarily join in a demurrer to the evidence, and the demurrer is properly framed, and the necessary admissions are entered upon the record, the court must give judgment upon it.
When any evidence is produced, the opposing party, by expressly admitting the fact sought to be proved in support of the issue, upon the record, may demur and compel the party opposing the evidence to join in demurrer or waive the evidence. The fact being admitted upon the record, the question of law is thus presented to the court.
From the rules thus stated it is apparent that if the party demurring to evidence does not make, upon the record, the admissions required in the particular case, and the opposite party, nevertheless, joins in demurrer, the court can give no judgment upon the demurrer, but must award a venire de novo.
On a demurrer to evidence, properly framed, and joinder in demurrer, the usual course is, immediately to discharge the jury of the issue in fact.
The foregoing rules are condensed from Gould’s Pleadings, ch. IX., ss. 47 — 73, compiled from the English decisions and text writers. Cro. Elia., 752; 2 H. Blacks., 206; Bac. Abr. Pleas, n. 7; Com. Dig. Pl., q. 10, &c.
In Gibson and Johnson vs. Hunter, 2 H. Blacks., 187, 209, Ch. J. Eyre, advising the House of Lords, said: “That upon the state of the evidence given for the plaintiff in this case, it was not competent to the defendants to insist upon the jury being discharged from giving a verdict, by demurring to the evidence, and obliging the plaintiff to join in demurrer,without distinctly admitting upon the record, every fact and every conclusion which the evidence given for the plaintiff conduced to prove.” Second, as to the question, “whether on this record any judgment can be given?” to which we answer, “that we conceive no judgment can be given,” for the reason that it was impossible to ascertain from the demurrer what were the facts. The case of Gibson and Johnson vs. Hunter we find cited by all courts as establishing the practice in such cases. (And see Fowle vs. the Com. Council of Alexandria, 11 Wheat., 320.)
In the case at bar we find that the demurrer was general, nothing was reduced to writing, no specific facts admitted upon the record, no joinder in demurrer, voluntarily or otherwise, but upon the naked announcement by defendants’ counsel that he demurred to the evidence, the jury was discharged and judgment rendered against the plaintiff. This error is “apparent in the record,” by the entries made under the direction of the court, and therefore no exception was necssary to bring the question before this court.
According to the doctrine of the authorities the court could give no judgment upon such a demurrer.
It is not necessary to* notice the error alleged, that the court refused to permit the plaintiff to amend.
As the case must go back for a new trial, the counsel will have an opportunity to tender such amendments as they may desire.
The judgment must be reversed, the judgment sustaining the demurrer vacated, and a new trial ordered.