J. G. INGRAM, PLAINTIFF IN ERROR, VS. THE JACKSON-
VILLE STREET RAILROAD COMPANY, DEFENDANT IN
ERROR.

A demurrer may be applied to parol evidence when certain and
direct and when reduced to record in the form of a certain
statement of facts which the evidence proves or tends to
prove. But it is not the office of a demurrer to evidence to
bring before the court an investigation of the facts in dis-
pute, or to weigh the force of testimony, or the presumptions
arising therefrom; and where the statement of facts reduced
to record under the demurrer is loose, indeterminate or con-
sist of circumstances which conduce to prove other facts not
distinctly admitted, the judge should refuse to give judg-
ment on the demurrer, and if he does so it will be reversed
for error.

Writ of error to the Circuit Court for Duval County.

*Statement.*

This suit was commenced in the Circuit Court by
plaintiff in error against defendant in error, and the
declaration alleged that the defendant, a corporation
existing under the laws of Florida, was engaged on the
14th day of April, 1895, in the transportation for hire of
passengers along divers streets in the city of Jacksonville,
Duval county, Florida, and on said date plaintiff tried to
secure a passage, and became a passenger, on one of the
cars of defendant then under the charge and control of
said defendant and its agents on a line of railway on Park-
ker street, between Fourth and Fifth avenue, Fairfield, in
said city; that in accordance with such intention, plaintiff
signalled said car and the motorman in charge to stop and
complied with all the requirements of said company neces-
sary to become a passenger on said car; that defendant

accepted plaintiff as a pasenger, and by its agents, the motorman and conductor in charge thereof, by their action and solicitation led plaintiff to believe he could secure said passage and become a passenger with safety and without injury to himself, and while so engaged in securing said passage, to-wit: while stepping aboard said car without negligence on his, plaintiff's part, the motorman in charge of said car suddenly increased the speed thereof violently and without warning to plaintiff, and through such sudden starting of said car, and the misconduct, mismanagement, negligence and fault of defendant's said agents in charge of said car, plaintiff was thrown violently from the car and grievously injured, whereby he sustained great bodily injury and pain, and became permanently injured, and was put to great expense, to-wit: two thousand dollars in endeavoring to be cured of his injuries, and has also for a long time been prevented from attending to his necessary affairs and business and deprived of the profits and gains he would have otherwise derived therefrom; and as a result of such negligence of defendant, plaintiff has become a confirmed cripple and invalid, wherefore he claims $25,000.00 damages.

The pleas upon which issues were joined and the case submitted were three in number, as follows: 1st. Not guilty.

2nd. Defendant denies that it accepted plaintiff as a passenger and that its motorman and conductor in charge of the car, by their action and solicitation, led plaintiff to believe he could secure passage and become a passenger on said car with safety and without injury to himself.

3rd. Defendant denies that while plaintiff was stepping aboard said car without negligence the motorman in

charge thereof suddenly increased the speed thereof violently and without warning to the plaintiff.

After the plaintiff had submitted his evidence the defendant demurred thereto and admitted upon the record that the evidence showed a certain given statement of facts. Plaintiff joined issue upon the demurrer, but it appears that after the joinder plaintiff stated to the court that he did not admit the recital of the evidence in the demurrer by the defendant to be all the evidence that had been introduced in support of plaintiff's case. The court withdrew the case from the jury, sustained the demurrer to the evidence and rendered judgment final for defendant.

Other necessary facts will appear in the opinion.

*Alex. St. Clair-Abrams* and *Wm. M. Bostwich,* for Plaintiff in Error.

*John E. Hartridge,* for Defendant in Error.

MABRY, J., (*After stating the facts.*)

The case is disposed of on the abstract, to which no exceptions have been filed.

Several of the assignments of error are based upon the ruling of the Court on the demurrer to the evidence, and one imputes error to the court in withdrawing the case from the jury and deciding it on the demurrer submitted. We are of opinion that the demurrer to the evidence in this case was not framed and submitted in accordance with the rule on the subject, and that the court erred in giving judgment on it. The testimony offered by the plaintiff was parol, and we have no doubt that a demurrer

may be applied to such evidence when properly reduced to record in the form of a certain statement of facts which the testimony proves or tends to prove. Gould states the rule as follows: "When parol evidence, exhibited in support of the issue, is certain and direct, the adverse party, by entering the evidence upon the record, together with an admission that it is *true,* may demur to it, and oblige the party exhibiting it, to join in the demurrer, or waive the evidence. For in this case, an admission of the truth of the evidence (which by the supposition is certain and direct) is an admission of the fact affirmed by it." "If the evidence exhibited is *loose* and *indeterminate,* the adverse party can not demur to it, without stating it upon the record, as *certain* and *determinate,* and admitting it, in that form to be true. Thus, if a witness testifies, in support of the issue, that a fact is thus, *according to his present impression, recollection or belief;* the adverse party, to entitle himself to demur to it, must state the evidence upon the record as certain, *i. e.,* as affirming absolutely that the fact is thus, and must admit the evidence, as thus stated to be true. For in this case, confessing the testimony in the words of the witness, to be true, would not amount to a confession of the fact testified about, but merely to an admission of the witness' belief of the fact; an admission which, if allowed as sufficient, would refer the weight of the testimony to the court." Gould's Pleading (5th ed.) pages 452, 453, sections 63, 64. In Fowle v. Common Council of Alexandria, 11 Wheaton 320, it is said, that "it is no part of the object of such proceedings (demurrers to evidence) to bring before the court an investigation of the facts in dispute, or to weigh the force of testimony or the presumptions arising from the evidence.

That is the proper province of the jury. The true and proper object of such demurrer is to refer to the court the law arising from a fact. It supposes, therefore, the facts to be already admitted and ascertained, and that nothing remains but for the court to apply the law to those facts. This doctrine is clearly established by the authorities, and is expounded in a very able manner by Lord Chief-Justice EYRE, in delivering the opinion of all the judges in the case of Gibson v. Hunter, before the House of Lords, 2 H. Bl. 187. It was there held that no party could insist upon the other party's joining in demurrer, wihout distinctly admitting upon the record every fact and every conclusion which the evidence given for his adversary conduced to prove. If, therefore, there is parol evidence in the case which is loose and indeterminate and may be applied with more or less effect to the jury, or evidence of circumstances, which is meant to operate beyond the proof of the existence of these circumstances and to conduce to the proof of other facts, the party demurring must admit the facts of which the evidence is so loose, indeterminate and circumstantial before the court can compel the other side to join therein. And if there should be such a joinder without such admission, leaving the facts unsettled and indeterminate, it is a sufficient reason for refusing judgment upon the demurrer, and the judgment, if any is rendered, is liable to be reversed for error. Indeed, the case made for a demurrer to evidence is, in many respects, like a special verdict. It is to state facts, and not merely testimony which may conduce to prove them. It is to admit whatever the jury may reasonably infer from the evidence, and not merely the circumstances which form a

ground of presumption." The views stated and fully sustained in the case of Gibson v. Hunter, 2 H. Bl. 187, have all along been adhered to by this court. Higgs v. Shehee, 4 Fla. 382; Fee & Nisbitt v. Florida Sugar Manufacturing Co., 36 Fla. 612, 18 South. Rep. 853. In 12 Fla. (Morrison v. McKinnon, 552, text, 557) it is said that "a demurrer to evidence ought not to be allowed where the party demurring refuses to admit the facts which the other party attempts to prove; nor where he offers contradictory evidence, or attempts to establish inconsistent propositions." In support of this view, see also Wolf v. Washer, 32 Kan. 533, 4 Pac. Rep. 1036; Dormady v. State Bank of Illinois, 2 Scam. 236; Crowe v. People, 92 Ill. 231.

In the statement of the evidence under the demurrer it is said that the plaintiff, his brother, William Peters and others signalled the car to stop, and the motorman was seen to seem to turn either the controller or brake of the car, and that plaintiff, while car was moving, attempted to board the rear end of the motor car and grabbed the rail with both hands swinging to the steps, and that the speed of the car seemed to increase at this moment and his hold was broken and he fell under the car. In another place it is stated that the speed of the car never at any time slackened, but was increasing at the time plaintiff attempted to board it and fell, and again in giving the testimony of another witness for plaintiff, George Ingram, it is said that to the witness the car seemed to slacken when he saw the motorman turn the handle of the controller or brake. Whether the car decreased or increased its speed when the signal was given to the motorman to stop is not stated as a certain and determinate fact, as it should have been before the court was called upon to apply the law to the fact. It is not proper, as we have seen, for the court on a

demurrer to evidence to pass upon conflicting views of the testimony, as this is the province of a jury. The supposed statement of facts under the demurrer of what the evidence proved or tended to prove is not properly made and plaintiff in error has a right to insist on it as error apparent on the statement itself.

Some assignments of error relate to the rejection of certain evidence offered by plaintiff. The ordinary bill of exceptions, which presents the exceptions to the rulings rejecting the evidence, does not contain a sufficient statement to enable us to determine the correctness of the rulings made. If we were permitted to consider the ordinary bill in connection with the evidentiary bill we might see the connection and bearing of the proposed testimony, but as the exceptions are presented in the ordinary bill we are without sufficient data to determine the questions sought to be raised under such assignments.

The judgment of the court below will be reversed, with directions that a new trial be awarded. Ordered accordingly.