ROBERT MUGGE, PLAINTIFF IN ERROR v. R. A. JACKSON, SHERIFF OF HILLSBOROUGH COUNTY, FLORIDA, DEFENDANT IN ERROR.

1. When a cause is pending in this court and is submitted on the briefs of the parties which have been filed, and oral argument is asked for, the fact that one of the parties dies after such submission on briefs, does not, under a proper construction of Rule 17 of the Supreme Court Practice (1895), render a revival of the cause necessary, in order that this court may have authority to render its decision therein.

2. When a sheriff who has levied on and taken possession of personal property under the authority of attachments issued in creditors' suits attacking a sale, and a transfer of said property, on the ground of fraud, and an action of re- plevin is brought against the sheriff by the vendee and transferee of said property for the recovery thereof, and pending said replevin suit the sheriff dies, his successor in office is the proper party to continue said litigation, and may be substituted as defendant in said suit.

3. An objection to the introduction of evidence in a trial court should point out specifically some fact or principle which makes the evidence objectionable; otherwise, unless the evidence is wholly bad, and not competent for any purpose, this court will not consider such objection.

4. An agreement between the attorneys of the respective parties, stating the facts of a case, filed on the trial, which by its terms is not limited to a particular occasion, or a temporary object, may be used on a second trial.

5. Where the defendant in a case on trial demurs to the evidence, and the plaintiff joins in such demurrer, and before argument thereof the plaintiff moves to be allowed to withdraw his joinder in demurrer because the demurrer does not correctly state the evidence on behalf of the plaintiff, and the plaintiff's attorney does not point out

to the trial judge, in any way whatsoever, any defects in the statement of the evidence, the denial of such motion is not of itself reversible error.

6. It is not the province of a demurrer to evidence to bring before the court an investigation of disputed facts, the weighing of the force of testimony and the question of presumptions arising from the evidence. It is intended to state and admit the facts which the adverse party attempts to prove, and not merely the testimony which may conduce to prove them. Where a demurrer to evidence violates these principles, and a judgment is rendered therein by the trial court, this court will reverse the judgment and award a new trial.

7. A demurrer to the evidence is to be taken most strongly against this demurrant.

This case was decided by Division B.

Writ of Error to the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the Court.

*Geo. P. Raney* and *J. J. Lunsford,* for Plaintiff in Error.

*Solon B. Turman* and *F. M. Simonton,* for Defendant in Error.

HOCKER, J. This is the second time this case has been before this court. It was decided in the case of Spencer, Sheriff, v. Mugge, 45 Fla. 585, 34 South. Rep. 271, that upon the facts as presented therein, the plaintiff was not entitled to recover against the sheriff. That case is referred to as showing the nature of the suit.

The original defendant in the court below, T. K. Spencer, Sheriff, died on May 6th, 1901, while the case was pending here on the first writ of error; that on June 11th, 1903, W. C. Spencer, Administrator of T. K. Spencer, upon suggestion of the death of the latter was substituted as defendant, by order of the court, and that on December 12th, 1903, W. T. Lesley as Sheriff of Hillsborough county was substituted as sole defendant, and that the name of W. C. Spencer as administrator was stricken out as defendant. Subsequently, on the suggestion of the death of W. T. Lesley, Sheriff, R. A. Jackson, Sheriff, his successor was made party defendant here.

On December 12th, 1903, the plaintiff Mugge filed a document which purports to be a plea in abatement, demurrer and exceptions, questioning the authority of this court to render its former decision, because at the time the decision was rendered T. K. Spencer was dead, the case had not been revived, and proper parties were not before the court, and therefor, that the original case was still pending here, and the Circuit Court had no jurisdiction.

Upon a hearing this pleading was overruled, and this ruling is made the basis of the first assignment of error here.

The final judgment in the case of Spencer v. Mugge was rendered here on April 17th, 1903, and our records show that the case was submitted to this court on briefs by both parties on June 19th, 1900. Our mandate remanding the case issued on May 25th, 1903. The fact that oral argument was asked for when the briefs were filed, does not have the effect of postponing the submission under the proper construction of Rule 17 of the Supreme Court Practice (1895). This was decided in the case of Clark-

son v. Gilbert, Per Curiam Mem. 44 Fla. 824, 36 South. Rep. 1045. We do not think the court erred in substituting W. T. Lesley, Sheriff in the place of W. C. Spencer as administrator of T. K. Spencer formerly Sheriff, as this was done with the consent of W. C. Spencer and W. T. Lesley as successor in the sheriffalty to T. K. Spencer, represented the creditors in attachment and was the proper party to continue the litigation.

The next assignment of error is that the court erred in permitting the introduction in behalf of defendant Lesley of an agreement between the attorneys of the parties as to the facts of the case, which was filed in the former trial before the Referee. The grounds of the objection below were: 1st. It is not a part of the record in the cause on a new trial.

2nd. Because it can not be considered a part of the record without holding the court bound in a new trial for the acts and doings of the Referee in the former trial, which plaintiff insists is not the law.

3rd. Because it is incompetent as evidence in the cause.

1. As to the first ground, it clearly appears from the record in the cause, which was brought here in the first appeal that this stipulation was a part of said record, and if it is not proper evidence here some specific objection showing why it could not be used should have been made. If there was anything in the stipulation which limited its use to a trial before the Referee, that fact should have been pointed out to the trial judge in a specific objection. Objections to testimony ought to be specific. Hoodless v. Jernigan, 46 Fla. 213, 35 South. Rep. 656, and cases cited.

2. It does not follow that because it was part of the record in the former case that the plaintiff was bound by

the acts and doings of the Referee on the former trial. It was subject in this case to any proper and specific objection which the plaintiff might have made.

3. A general objection for incompetence, not specifying in what particulars the evidence was incompetent, is not sufficient unless the evidence was wholly bad, and not competent for any purpose. This is an established rule in this court, and other courts. 8 Ency. Pl. & Pr., 218 to 228 inclusive; Hoodless v. Jernigan, *supra*.

The rule is that such agreements when by their terms not limited to a particular occasion or temporary object may be used on a second trial. 1 Am. & Eng. Ency. Law (2nd ed.) 698, 699; 1 Greenleaf on Ev. (16th ed.) Secs. 169-186-205; Doe v. Bird, 7 C. & P. 6; Farmers Bank of Maryland v. Sprigg, 11 Md. 389; Merchants' Bank v. Marine Bank, 3 Gill 96, S. C. 43 Am. Dec. 300, and note 306, 16 Cyc. 973.

The third assignment of error is that the court erred in refusing to permit attorneys for the plaintiff to withdraw their joinder in demurrer to the evidence tendered by attorneys for defendant, because the demurrer did not correctly state the evidence, and did not in a proper manner state the evidence established on behalf of the plaintiff.

The record shows that after the first demurrer to the evidence by the defendant, the plaintiff asked that the case be reopened and he be allowed to introduce other evidence. This the court allowed, and other evidence was introduced by the plaintiff. After the plaintiff had again rested the defendant again demurred to the evidence in writing, and the plaintiff's attorneys joined in the demurrer. Before argument of the same the plaintiff's attorneys asked permission of the court to withdraw their joinder on demurrer to the evidence, because it did not correctly state the evidence on behalf of the plaintiff. The court refused

to permit the withdrawal of the joinder on demurrer, to which ruling the plaintiff excepted. It does not appear that the plaintiff's attorney pointed out to the court in any way whatever any defects in the statement of the evidence. The court was left to discover any such defects if they existed by examining the evidence and comparing it with the statement thereof in the demurrer.

In Morrison v. McKinnon, 12 Fla. 552, this court held that it is discretionary with a court whether it will compel a party to join in demurrer to evidence. Before we would be justified in reversing the action of the trial judge, we should be assured that he abused his discretion; and inasmuch as there were no defects pointed out to him, we do not feel called upon to reverse his action. We have found no case directly in point, but the analogy of the rule which requires that objections to evidence, and objections to findings of fact, must be specific, and must point out insufficiencies and defects in order that they may be intelligently dealt with, we apply to this case and hold that the trial judge committed no reversible error. 8 Ency. Pl. & Pr., 276; Hoodless v. Jernigan, *supra*. To encourage a loose and general method of making objections is simply to create pitfalls for trial judges.

The fourth assignment of error is that the court erred in sustaining the demurrer to the evidence. That demurrer was in the following words: "Now comes the defendant in the above entitled cause, by his attorneys Solon B. Turman and F. M. Simonton, and after the plaintiff had introduced his evidence in said cause, resting his case, and demurs to said evidence and says that the same is not sufficient to warrant a jury in finding a verdict for the plaintiff in the said cause and the defendant sets out the following statement of facts that the evidence proves or tends to prove:

First. That J. H. May was the owner of the property in question up to sometime in the month of April, 1897, and was in possession thereof up to said time.

Second. That during the month of April, 1897, the said property was alleged to have been conveyed by the said J. H. May to Robert Mugge.

Third. That the sheriff of Hillsborough county, on the 13th day of December, 1897, levied certain writs of attachment and execution upon the property in question in favor of certain creditors of the said J. H. May against the said J. H. May, the same amounting to three thousand two hundred twenty-four and 63-100 (3224.63) dollars; and that judgments were entered thereon against J. H. May, the same amounting to three thousand six hundred forty-nine and 56-100 ($3649.56) dollars.

Fourth. That the evidence tends to show that the indebtedness was contracted by the said J. H. May prior to the date of the said suits as set out in the stipulation and that the value of the whole property in question at the date of levy was $4,000.00, and of the general merchandise store was $3,000.00.

Fifth. That the proceedings in the said suits against the said J. H. May were regularly conducted and process properly served and the judgments therein properly entered.

Sixth. That the goods levied upon by virtue of the said writs of attachment and execution against J. H. May were the same goods that were alleged to have been conveyed to the said Robert Mugge by the said J. H. May.

Seventh. That the evidence shows that the said Robert Mugge was in possession of the said property sometime during the month of April, 1897, and that he appointed one James Hooper as his manager for the general mer-

16 S. C.

chandise store, who continued in the management of the same for about five weeks, and that he was succeeded in said management by one J. H. May, who continued to have charge and control of the said merchandise store until the 19th day of November, 1897, as an employe of said Mugge.

Eighth. The testimony of the witness Yates tends to show that while J. H. May was in charge of the store as Mugge's manager he took goods out of the store without having them charged to him; that when goods were furnished by witness or the other clerks on May's order they were charged to May, but that May was in the habit of taking goods from the store himself as if he was the owner; that when Mugge discharged May, May claimed that Mugge owed him several months' salary, which Mugge refused to pay on account of his dissatisfaction with the manner in which May had managed the business; that may took what money there was in the cash drawer, which was only a few dollars, after paying witness $50.00 due him, in the presence of Mugge, without objection from Mugge. He also took a safe, because he was not satisfied with the price at which Diamond inventoried it; also some braid and other articles; also, on the following day May took some paints and lead, while no one was in the store except a negro employe. This was the day after May was discharged.

Wherefore, the defendant prays that the plaintiff may be required to join in this demurrer and judgment be entered therein against the plaintiff.

F. M. SIMONTON,
S. B. TURMAN,
Attorneys for Defendant."

We are of opinion that the Circuit Judge erred in sustaining the demurrer. It is not the province of such a demurrer to bring before the court an investigation of the facts in dispute. It is intended to admit and state the facts which the other party attempts to prove, and not merely the testimony which may conduce to prove them. It is intended also to admit whatever the jury may reasonably infer from the evidence. Ingram v. Jacksonville St. R. Co., 43 Fla. 324, text 328, 30 South. Rep. 800. Quoting from Morrison v. McKinnon, 12 Fla. 552, text 557, this court said: "A demurrer to evidence ought not to be allowed where the party demurring refuses to admit the facts which the other party attempts to prove; nor where he offers contradictory evidence or attempts to establish inconsistent propositions." In the instant case there was an evident attempt to set up the evidence of the defendant against the evidence of the plaintiff, and to bring before the court an investigation of the facts in dispute and to weigh the force of the testimony and the presumptions arising therefrom. The true and proper object of a demurrer to evidence is to refer to the court the law arising from an admitted fact—a certain and determinate fact. Where the evidence is conflicting and not clear, certain and determinate, it is the province of the jury to weigh it, and the presumptions arising therefrom. Ingram v. Jacksonville St. R. Co. supra. The evidence set up in such a demurrer is to be taken most strongly against the demurrant. Fee v. Florida Sugar Manufacturing Co., 36 Fla. 612, 18 South. Rep. 853. See, also, Higgs v. Shehee, 4 Fla. 382; Wilkinson v. Pensacola & A. R. Co., 35 Fla. 82, 17 South. Rep. 71; Hanover Fire Ins. Co. v. Lewis, 23 Fla. 193, 1 South. Rep. 863; Hinote v. Simpson, 17 Fla. 444. The demurrer to the evidence is evidently in violation of

the principles laid down in our decisions, and should not have been sustained.

The judgment is reversed and a new trial awarded.

TAYLOR and PARKHILL, JJ., concur.

COCKRELL and WHITFIELD, JJ., concur in the opinion.

SHACKLEFORD, C. J., disqualified.