ATLANTIC COAST LINE RAILROAD COMPANY, A CORPORATION ET AL., *Plaintiffs in Error,* v. CONNIE O. McCORMICK, AND M. L. McCORMICK, HER HUSBAND, *Defendants in Error.*

1. A demurrer to evidence admits the truth of the testimony as stated in the demurrer and also such conclusions of fact as may be fairly drawn from the testimony. Forced or violent inferences from the testimony are not admitted by the demurrer; but the testimony is to be taken most strongly against the demurrant.

2. In passing upon a demurrer to evidence only the evidence as stated in the demurrer can be considered.

3. An investigation of the facts in dispute, and the reconciliation of conflicting or inconsistent testimony cannot be had on a demurrer to evidence.

4. The provision of the statute defining the liabilities of railroad companies in certain cases that "if the complainant and the agents of the company are both at fault, the former may recover, but the damages shall be diminished or increased by the jury in proportion to the amount of default attributable to him," is applicable only when the injury is done "by the running of locomotives or cars, or other machinery of such company," or "done by any person in the employ and service of such company."

5. Where contributory negligence is a defense to an action in tort, it should be pleaded and proven by the defendant, unless it appears from the allegations or proofs of the plaintiff.

6.    Whether contributory negligence appears by direct testimony, or by fair inference from the evidence of the plaintiff, it is a question for the jury to determine under proper instructions from the court, where a conclusion of contributory negligence does not indisputably arise from the evidence offered by the plaintiff so as to become a question of law.

7.    While it is error to assume in charges facts that are disputed or not conceded, it is not error to assume the existence of a fact shown by uncontroverted testimony.

This case was decided by Division A.

Writ of error to the Circuit Court for Suwannee County.

The facts in the case are stated in the opinion of the court.

*Doggett & Smith, J. B. Johnson, Rees & Rees* and *Carter & McCollum,* for Plaintiffs in Error;

*Hardee & Smith,* for Defendants in Error.

WHITFIELD, C. J.—This writ of error is to a judgment recovered by the defendants in error against the plaintiffs in error for injuries received August 15th, 1908, by the wife by stepping into a hole in the floor of the waiting room of the passenger depot used by the several defendant railroad companies.

The negligence alleged is that the railroad companies "wrongfully and negligently suffered the said waiting room to be and remain in bad and unsafe repair and condition, in this, to-wit: that a portion of the flooring in said room of said passenger depot in which passengers and their friends were required to await the arrival and departure of trains running over the defendants' line of road, that is to say, that said waiting room was the only

room provided by the defendants for the uses aforesaid, was rotted, decayed and broken, and by means whereof the said Connie McCormick, the wife of the said M. L. McCormick, who was then and there on the date aforesaid, in said waiting room in company with a friend whom she, the said Connie McCormick, had come to assist in boarding one of the trains of one of the said defendants, and who was about to become a passenger of one of the said defendants, then and there necessarily and unavoidably broke through the said rotted, decayed and broken floor in said room of said passenger depot, and without fault on her part, and thereby did fall with great force and violence to the floor, striking against a projection, and thereby was injured." A single separate plea of not guilty was filed by each one of the four defendant railroad companies. The following demurrer to the evidence was overruled:

"Comes now the defendants in the above entitled cause and demurs to the evidence herein introduced by the plaintiffs and say that the plaintiffs ought not to have judgment of the defendants herein on said testimony, and the said defendants, for the purposes of this demurrer admits as true all the testimony herein introduced, with all reasonable deduction to be made therefrom, and the defendants pray judgment of the plaintiffs hereon.

### MATTER OF LAW TO BE ARGUED.

1.   The testimony shows the plaintiff, Mrs. McCormick, to have been guilty of contributory negligence.

2.   The testimony shows the said plaintiff at the time and place of her injury to have been a mere licensee, towards whom the defendants owed no duty of ordinary and reasonable care, but only the duty to refrain from wilfully injuring her.

3.   The testimony does not show any sufficient connec-

tion between these defendants or either of them and the place where the plaintiff was injured, as to fix responsibility upon the said defendants or either of them for the lack of repair or condition of the floor at the point where the said plaintiff was injured.

4.    There is a fatal variance between the allegations in the declaration and the proof as to the time of the alleged accident.

Matters of fact with all reasonable deductions therefrom admitted as true, applicable to the propositions of law raised herein:

That the plaintiff, Mrs. McCormick, on Sept. 15th, 1908, went down to the Union depot with friends to see and assist said friends off on the train of the Florida Railway Company, one of the defendants herein, said friends being two ladies and one man, and being quite a number of bundles with them, and one of the ladies had a child.    That upon arriving at the depot her friends immediately boarded the train at the Union depot, she bade them goodbye and turned at once and went into the depot waiting-room to get a drink of water, and is almost sure the train is still standing on the track by the depot.    The time was about five o'clock in the afternoon and during daylight. That the said plaintiff approached the water-cooler where there was already a hole in the flooring; that plaintiff is a little nearsighted for seeing or doing anything like that. That the plaintiff stepped in the hole and injured herself. That the hole was big enough for her to get her foot in it; that she broke part of the floor on the right side.    That it was about five o'clock in the afternoon and getting a little dark; that it was a cloudy afternoon and the waiting-room was crowded with people.    That the plaintiff did not look down at the floor while walking to the water-cooler, but if she had she would have seen the hole in the floor before she stepped into it.

That the defendants, A. C. L. R. R. Co., S. A. L. Ry. Co., L. O. P. & G. Ry. Co. and Fla. Ry. Co. each have tracks leading past the depot where plaintiff was injured.

That they stop at this point for passengers, and that the defendants, A. C. L. R. R. Co., S. A. L. Ry Co. and Fla. Ry Co., in the building where plaintiff was injured, known as the Union Depot, sell tickets for passage on their respective trains."

Only the first two grounds of the demurrer to the evidence are argued here. By this demurrer to the evidence, the defendant railroad companies admitted the truth of the testimony as stated in the demurrer and also such conclusions of fact as may be fairly drawn from the testimony. Forced or violent inferences from the testimony are not admitted by the demurrer, but the testimony is to be taken most strongly against the demurrants. Fee v. Florida Sugar Manuf'g Co., 36 Fla., 612, 18 South. Rep. 853. Only the evidence as stated in the demurrer to the evidence can be considered in passing upon the demurrer. Guided by these rules, it is apparent that the liability of the defendants is shown by their use of the depot, by the condition of the floor, and by the circumstances under which the plaintiff was in the waiting-room and was injured, as stated in the demurrer to the evidence.

The statement in the evidence "that the plaintiff did not look down at the floor while walking to the water-cooler, but if she had, she would have seen the hole in the floor before she stepped into it," when considered with the statements that it was "getting a little dark; that it was a cloudy afternoon and the waiting-room was crowded with people," and applying the rule that in a demurrer to evidence, the testimony is to be taken most strongly against the demurrants, it is not apparent from the demurrer to the evidence that the plaintiff was guilty of contributory negligence. An investigation of the facts in dispute, and

the reconciliation of conflicting or inconsistent testimony cannot be had in a demurrer to evidence, but are for the jury upon a consideration of all the evidence adduced at the trial. Mugge v. Jackson, 50 Fla., 235, 39 South. Rep. 157.

The statement in the testimony incorporated in the demurrer to the evidence that the plaintiff "went down to the Union depot with friends to see and assist said friends off on the train of the Florida Railway Company, one of the defendants herein, said friends being two ladies and one man, and being quite a number of bundles with them, and one of the ladies had a child," is sufficient on the demurrer to indicate that the plaintiff was properly in the waiting-room of the defendant companies. The law imposed upon the defendants the duty to have the floor of its waiting-room in a reasonably safe condition, and a liability for non-performance of this duty where injury proximately results and the plaintiff does not contribute proximately to the injury. 26 Am. & Eng. Enc. Law (2nd Ed.) 508. The demurrer to the evidence was properly overruled. The case could then be submitted to the jury. Paragraph 1446 General Statutes, 1906.

Under the title of "An Act defining the liabilities of railroad companies in certain cases," Chapter 4071, Acts of 1891, contains five sections, the first two of which are brought forward in the General Statutes of 1906, as follows:

"3148. Liability of railroad company.—A railroad company shall be liable for any damage done to persons, stock or other property, by the running of locomotives, or cars, or other machinery of such company, or for damage done by any person in the employ and service of such company, unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and

diligence, the presumption in all cases being against the company.

3149. When recovery of damages forbidden.—No person shall recover damages from a railroad company for injury to himself or his property, where the same is done by his consent, or is caused by his own negligence. If the complainant and the agents of the company are both in fault, the former may recover, but the damages shall be diminished or increased by the jury in proportion to the amount of default attributable to him."

The title under which these sections were enacted is restrictive and the terms of the sections are specific and narrow in their scope. No added effect is given the sections by being subsequently incorporated in the General Statutes of 1906.

The act applies only to railroad companies and the constitutionality of the third section, now 3150, General Statutes of 1906, as a discriminating regulation has been sustained upon the theory that the business of operating railroads differs from other employments in the particular dangers incurred, and calls for special regulation to meet the conditions peculiar to it. Florida East Coast R. Co. v. Lassiter, 58 Fla., 234, 50 South. Rep. 428.

It is competent for the legislature when acting within constitutional limitations to change the common law liabilities of railroad companies for damage done to its employees and others. See Seaboard Air Line Ry. v. Simon, 56 Fla., 545, 47 South. Rep. 1001; Stearns & Culver Lumber Co. v. Fowler, 58 Fla., 362, 50 South. Rep. 680.

The subject regulated by the statute is expressly limited to damage done by the running of the locomotives, or cars or other machinery of a railroad company and to damage done by any person in the employment and service of such company. All the sections originally enacted

together are to be considered as one act regulating a single restricted subject matter.

The provision in section 2 of the original act, now section 3149 of the General Statutes of 1906, allowing a plaintiff to recover damages from a railroad company where both the plaintiff and the defendant are at fault, is to be construed with the other sections and is limited to damage done by the running of locomotives, cars or other machinery or by any person in the employ and service of a railroad company.

The injury in this case was not caused by the running of locomotives, cars or other machinery or by any person in the employ and service of the defendants. The duty to keep the floor of the waiting-room in a reasonably safe condition for the purposes of its use devolves upon the companies, but it does not appear that the "damage" complained of was "done by any person in the employ or service of" the defendant companies.

In its charges to the jury the trial court did not apply the statutory provision as to the presumption of negligence on the part of the railroad companies arising out of the injury, apparently because the injury was not caused by the running of locomotives, cars or other machinery or by any person in the employ and service of the companies, but the court did apply the statutory provision that the plaintiff may recover if both were at fault. This was error because the regulation in each instance is designed to apply to the same subject matter, viz: damage done by the running of locomotives, cars or other machinery of a railroad company, or by persons in the employ and service of a railroad company.

Where contributory negligence is a defense to an action in tort, the contributory negligence should be pleaded, and proven by the defendant unless it appears from the allegations or proofs of the plaintiff. In this case the

only plea was the general issue of not guilty which did not put in issue any matters of inducement contained in the declaration and did not present the defense of contributory negligence.   Louisville & Nashville R. R. Co. v. Ynietra, 21 Fla., 700; Jacksonville Electric Co. v. Sloan, 52 Fla., 257, text, 288, 42 South. Rep. 516; Atlantic Coast Line Ry. Co. v. Crosby, 53 Fla., 400, 43 South. Rep. 318; Atlantic Coast Line Ry. Co. v. Beazley, 54 Fla., 311, 45 South. Rep. 761; Moore v. Lanier, 52 Fla., 353, 42 South. Rep. 462; Sissel v. St. Louis & S. F. R. Co., 214 Mo., 515, 113 S. W. Rep. 1083, 15 Ann. Cas. 429 and notes; Atlantic Coast Line Ry. v. Ryland, 50 Fla. 190, 40 South. Rep. 24; Ryland v. Atlantic Coast Line Ry. Co., 57 Fla., 143, 49 South. Rep. 745; 29 Syc. 580; 5 Ency. Pl. & Pr. 10.

Whether contributory negligence appears by direct testimony, or by fair inference from the evidence of the plaintiff, is a question for the jury to determine under proper instructions from the court, as a conclusion of contributory negligence does not indisputably arise from the evidence offered by the plaintiff so as to become a question of law.   See Louisville & Nashville R. R. Co. v. Ynietra, 21 Fla., 700; Florida Cent. & P. R. Co. v. Mooney, 40 Fla., 17, text 32, 24 South. Rep. 148.

As the existence of the hole in the floor is not controverted, the apparent negligence of the defendants follows, and while it is error to assume in charges facts that are disputed or not conceded, it is not error to assume the existence of a fact shown by uncontroverted testimony. In the charges given the assumption that the hole was in the floor is not on this record error.

No question of reckless or willful negligence arises in this case.   Florida South. Ry. Co. v. Hirst, 30 Fla., 1, 11 South. Rep. 506.

In giving charges applying the statutory rule as to comparative negligence and in refusing requested charges that the plaintiff cannot recover if she is guilty of contributory negligence, the court committed errors for which the judgment is reversed and the cause remanded.

SHACKLEFORD and COCKRELL. J. J., concur.

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.