[No. 3183. Decided June 29, 1899.]

THE CITY OF WALLA WALLA, *Respondent,* v. JAMES M. FERDON, *Appellant.*

LICENSE — SALE OF DRUGS BY PUBLIC OUTCRY AND EXHIBITIONS — AMOUNT OF LICENSE — REASONABLENESS.

An ordinance by the city of Walla Walla, imposing a license fee of $50 a day upon traveling vendors of drugs and nostrums, who conduct their sale by public outcry, with an accompanying show or exhibition, is not unreasonable.

Appeal from Superior Court, Walla Walla County.— Hon. THOMAS H. BRENTS, Judge. Affirmed.

*B. L. & J. L. Sharpstein,* for appellant:

Under authority given to license a particular useful trade or occupation, no considerable sum can be exacted for the license, but only such sum as covers the cost of issuing same, and the incidental supervision of the business. *State v. Bean,* 91 N. C. 554.

The ordinance in question is void because it is an unjust discrimination as to the sale of one commodity not harmful in itself, is necessarily oppressive by exacting the amount which it does, and is in restraint of trade; and for the further reason that it does not in any manner make the amount of license dependent upon the amount of business done. *Sipe v. Murphy,* 31 N. E. 884 (17 L. R. A. 184); *Clements v. Town of Casper,* 35 Pac. 472; *Brooks v. Mangan,* 49 N. W. 632 (24 Am. St. Rep. 137); *Merced County v. Helm,* 102 Cal. 159; *Carrollton v. Bazzette,* 42 N. E. 837 (31 L. R. A. 522).

*H. S. Blandford,* for respondent.

The opinion of the court was delivered by

REAVIS, J.—Defendant was convicted of the violation of a city ordinance of the city of Walla Walla (ordinance No. 628), entitled "An ordinance to regulate and license venders of medicines, drugs and nostrums." Section 1 is as follows:

" It shall be unlawful for any person, persons, company, corporation or aggregation of people travelling for the purpose of advertising, selling, or giving away any drug, medicine, nostrum, or any other substance for the cure of, or pretended cure of, any disease or ailment, to give any public exhibition in any hall or building or tent or upon any of the streets or alleys, or vacant lots, or elsewhere, or in any place in the city of Walla Walla, whether the admission to such performances be free or not; and for any person, persons, company, corporation, or aggregation of people by proclamation, public outcry, auction, or theatrical performance, or show of any kind in any hall, or building, or tent, or upon any of the streets or alleys or vacant lots, or elsewhere, or at any place in said city of Walla Walla to sell, barter or give away, or offer to sell, barter or give away, any drug, medicine, nostrum or any other substance for the cure of, or pretended cure of, any disease or ailment, until such person, persons, company, corporation, or aggregation of people shall have first procured a city license therefor, and for such license there shall be paid the sum of $50 for each day, or part of a day."

The facts were stipulated, and are substantially that in the city of Walla Walla, on the 28th day of September, 1898, the defendant, by proclamation and public outcry, offered to sell, and sold, a bottle of medicine prepared and recommended to cure diseases and ailments, without having procured any license; that the defendant was traveling from city to city, engaged in the business of selling medicines in the same manner as this sale was made, and that it was the practice of the defendant to give, at the time and place of making such sales, concert entertainments for

the purpose of attracting people for the sale of said medicine, and for the purpose of increasing sales; that he usually gave two such concerts daily on each afternoon and evening, except Sundays; that he sold as much medicine as he could find purchasers for. Error is assigned by counsel for defendant in holding the ordinance valid and finding the defendant guilty.

It is urged by counsel for appellant that the ordinance is unreasonable, in demanding an extortionate sum for the license. The charter powers of the city of Walla Walla (Laws 1883, p. 270), are very liberal. Section 16 provides that the city shall "have power . . . to license, tax and regulate or prohibit theatrical shows and other exhibitions; to license, tax and regulate auctioneers . . . and to license and tax all hotels, livery stables, business houses and wholesale and retail establishments of every kind and description;" and various sections confer ample police powers upon the city. Section 23 provides: "The city of Walla Walla shall . . . have such other power and privileges not here specifically enumerated as are incident to municipal corporations." There is also provision in § 97 that "when any proceeding, matter or thing is, by this act, committed or left to the discretion of the council, such discretion or judgment, when exercised or declared, is final and can not be reviewed or called in question elsewhere."

The only question before the court is the reasonableness of the ordinance. It was observed in *Grand Rapids v. Braudy*, 105 Mich. 670 (64 N. W. 29, 55 Am. St. Rep. 472):

"Courts cannot interfere with legislative discretion, and are slow to declare ordinances invalid because unreasonable, when the power to legislate upon the subject has been conferred upon the common council. The council's discretion, and not the court's, must control. In such

matters the city authorities are usually better judges than the courts."

"An ordinance to be void for unreasonableness must be plainly and clearly unreasonable. There must be evidence of weight that it took inception either in a mistake, or in a spirit of fraud or wantonness on the part of the enacting body." Horr & Bemis, Municipal Police Ordinances, § 127.

It is maintained by counsel for appellant that the ordinance provides for regulation and license, and not for a tax. It is not deemed necessary, however, in the determination of the case to discuss or conclude how far the city may tax the ordinary lines of business conducted in the city, under the authority conferred by its charter. Judge Dillon on Municipal Corporations (4th ed.), § 357, observes:

" Concerning useful trades and employments, a distinction is to be observed between the power to 'license' and the power to 'tax.' In such cases the former right, unless such appears to have been the legislative intent, does not give the authority to prohibit, or to use the license as a mode of taxation with a view to revenue, but a reasonable fee for the license and the labor attending its issue may be charged."

Many authorities are cited to sustain the text. The rule thus stated seems to be the correct one. While a municipal corporation such as the city of Walla Walla may not arbitrarily declare a lawful trade or business a nuisance, yet the manner of conducting it may be regulated, and it may be licensed when so regulated. But it cannot be said that the sale of drugs and nostrums by public outcry, and accompanied by a concert, comes within the class of *useful* trades or employments, but, rather, it falls within another class where, under the authority to regulate and license, a substantial revenue may be incidental to the license. The supreme court of Illinois, in *Carrollton v. Bazzette*, 159 Ill. 284 (42 N. E. 837), said:

"Under the liberal rule adopted by this court, such license fees, while imposed under the general police power, may, as we have seen, be imposed not only as a mere means of regulation, but also for revenue. Under such a rule, it becomes a question, not always easy of solution, to determine whether or not the imposition of a certain amount to be paid as a license fee is an oppressive exercise of a statutory power; having the effect, whether so designed or not, to suppress and prohibit the business upon which it is imposed, rather than merely to license and regulate it. . . . And it must be admitted that the question, so far as it comes within the discretion of the municipal authorities, is one for them, and not for the courts, to determine. It is only when the ordinance is plainly unreasonable and prohibitive in its character, where there is no power to prohibit, that the courts may interfere and pronounce it invalid."

To the same effect are many other decisions.

The defendant held a license as auctioneer, and also for a show or exhibition. His counsel therefore maintain that as a showman he could attract people, and as auctioneer he could vend drugs and nostrums, which were claimed to cure ailments; and that, because there was no license required for the sale of drugs in the usual manner by drug stores, there is discrimination in the terms of Ordinance 628. But we cannot clearly perceive the force of this contention. The sales made by defendant would collect a mass of people, perhaps obstruct the streets and become noisy and offensive to good order, and require more or less police supervision. There is a material difference between the ordinary dispensation of drugs through the drug stores, and these noisy sales by public outcry. And, while the sale of drugs is a legitimate business or trade, it is one peculiarly subject to regulation by the general policy of the state, and qualifications are required of the pharmacist who compounds and dispenses them, as also of the physicians who prescribe them; and it cannot be said that the

public welfare of the city of Walla Walla requires the sale of nostrums in the manner carried on by defendant. A large discretion is vested in the municipal authorities in the regulation and license of such occupations. The city of Walla Walla has a population of 7,500 people. It appears that the license for a circus and menagerie is $300 per day, according to a city ordinance; and it may be said that it is common knowledge that the municipalities in the state, in the licensing of circuses, have always exercised a large discretion, which has not, that we are aware of, been hitherto questioned. We do not see very clearly how the court can assume, without any further showing before it, that the license fee of $50 per day, imposed upon the public sale by outcry of drugs and nostrums, with an accompanying show, is more unreasonable than a license of $300 per day upon a circus. The defendant's business is evidently transient. His various attractions are for the purpose of calling together a large crowd and the disposition of as large a quantity of his nostrums in as short a time as it can be done; and a license fee which would be prohibitory on a permanent business, perhaps, would not be onerous on the transient business conducted by the defendant.

In accord with the current of accepted authority, the court cannot pronounce the ordinance invalid unless it is plainly unreasonable; and, with the lights here, it is not prepared to come to the conclusion that it is unreasonable. The judgment of the superior court is therefore affirmed.

GORDON, C. J., and ANDERS, DUNBAR and FULLERTON, JJ., concur.