[No. 4919. Decided August 24, 1904.]

THE STATE OF WASHINGTON, *Respondent,* v. C. W. IDE, *Appellant.*[1]

TAXATION—UNIFORMITY—POLL TAX EXEMPTING MALES OF CERTAIN AGES, FEMALES, AND MEMBERS OF VOLUNTEER FIRE COMPANIES—ACQUIESCENCE. Section 938, Bal. Code, providing that cities of the third class may levy upon and collect from every male inhabitant between certain ages, an annual street poll tax, but exempting therefrom members of volunteer fire companies, and city ordinances providing for the levy and collection of such a tax, and making the refusal to pay a misdemeanor, are unconstitutional and void, as in violation of art. 7, § 9, Const., requiring uniformity in taxation of persons and property; and long continued acquiescence therein cannot sanction the clear infraction of the law.

Appeal from a judgment of the superior court for Jefferson county, Hatch, J., entered July 24, 1903, upon a trial and conviction of the misdemeanor of refusing to pay a poll tax. Reversed.

*Brinker, Coleman & Ballinger,* for appellant.

*A. W. Buddress,* for respondent, contended, among other things, that Const., art. 7, § 9, applies only to property taxes. *Stull v. DeMattos,* 23 Wash. 71, 62 Pac. 451, 51 L. R. A. 892; *State v. Clark,* 30 Wash. 439, 71 Pac. 303. Under similiar provisions the same rule prevails elsewhere. *Denver City R. Co. v. Denver,* 21 Colo. 350, 41 Pac. 826; *Fairibault v. Misener,* 20 Minn. 396; *In Re*

[1]Reported in 77 Pac. 961.

*Dassler,* 35 Kan. 678, 12 Pac. 130; *Sawyer v. City of Alton,* 4 Ill. 126; *People v. Naglee,* 1 Cal. 232, 52 Am. Dec. 312; *Aurora v. McGannon,* 138 Mo. 38, 39 S. W. 469; Cooley, Const. Lim. (6th ed.), pp. 629, 630; Dillon, Mun. Corp. (4th ed.), §§ 762, 817; Tiedeman, Mun. Corp. §§ 260, 260a. The classification adopted was reasonable and valid. *Ex parte Smith and Keating,* 38 Cal. 702; *Rosenbloom v. State,* 64 Neb. 342, 89 N. W. 1053; *State v. Nichols,* 28 Wash. 631, 69 Pac. 372; *Seaboldt v. Northumberland County,* 187 Pa. St. 318, 41 Atl. 22; *Magoun v. Illinois Trust & Sav. Bank,* 170 U. S. 283, 18 Sup. Ct. 594; Cooley, Const. Lim. (6th ed.), 631. And the exemption of certain classes is not an unconstitutional grant of special privileges or immunities. *State v. Clark, supra; State v. Nichols, supra; Stull v. DeMattos, supra; Hall v. Burlingame,* 88 Mich. 438, 50 N. W. 289; *State v. Womble,* 112 N. C. 862, 17 S. E. 491; *Magoun v. Illinois Trust & Sav. Bank, supra.*

ANDERS, J.—On June 22, 1903, William Furlong filed a verified complaint in the police court of the city of Port Townsend, alleging, in substance, that he was, at said time, the city marshal and city street poll tax collector of the city of Port Townsend, a city of the third class, in the county of Jefferson and state of Washington, and that on said day one C. W. Ide, then and there being a male inhabitant of said city between the ages of twenty-one and fifty years, and not a member of any volunteer fire company of said city, nor a member of the militia of the state of Washington, did then and there commit the misdemeanor of failing and refusing to pay to said city street poll tax collector, on demand, his, the said defendant's, city annual street poll tax, for the year 1903, committed as follows:    That the said city street poll tax collector did then and there per-

37-35 WASH.

sonally demand of and from said defendant C. W. Ide, the sum of two dollars for the payment by defendant to said city and to its said street poll tax collector, the said city annual street poll tax for the year 1903, but said defendant did then and there wilfully and unlawfully fail and refuse to pay to said city street poll tax collector said sum of two dollars for his city annual street poll tax of said city for the year 1903, contrary to ordinance Number 675 of said city, entitled "An ordinance imposing and levying an annual city street poll tax for the year 1903, and providing for the collection thereof," approved June 3, 1903, and contrary to ordinance number 639 of said city, entitled "An ordinance to provide for the collection of a city street poll tax, and making the refusal to pay the same a misdemeanor, and to provide for the appointment of a tax collector and deputy," approved on May 3, 1899.

A warrant was issued on this complaint, and the defendant, having been arrested thereon and brought into court, filed a demurrer to the complaint on the following grounds: (1) That it appears upon the face of the complaint that defendant has not violated any law; (2) that said complaint fails to state facts sufficient to constitute a crime or misdemeanor of any kind; (3) that said complaint does not charge any offense against the laws of the state of Washington; (4) that said complaint does not charge defendant with the commission of any crime or misdemeanor under the ordinances of the city of Port Townsend.

The demurrer was overruled, and, on the hearing in the police court, the defendant was convicted and fined, and from the judgment he appealed to the superior court. The demurrer was again argued and considered in the superior court and was, by that court, overruled. Upon the trial in the superior court, the defendant was convicted and fined

two dollars and costs, and it was thereupon adjudged that
he be imprisoned in the county jail until such fine and
costs be paid, unless otherwise discharged by law. From
this judgment and sentence the defendant has appealed
to this court.

Section 1, of ordinance No. 675, which is mentioned and
referred to by its title and date of approval, provides:
"That there be and hereby is imposed and levied an annual
city street poll tax upon each male inhabitant between the
ages of twenty-one and fifty years, residing in said city,
excepting any member of any volunteer fire company in
said city, the sum of two dollars, payable on demand be-
tween the first day of June, 1903, and the first day of Sep-
tember, 1903." And section 2 provides, "That the poll
tax hereby imposed and levied shall be collected as provid-
ed by ordinance No. 639 of said city entitled 'An ordinance
to provide for the collection of a city street poll tax, and
making the refusal to pay the same a misdemeanor, and to
provide for the appointment of a tax collector and deputy,'
passed by the city council of said city on the 2nd day of
May, 1899, and approved on the 3rd day of May, 1899."

Ordinance No. 639, above mentioned and described, con-
tains, besides others which it is not necessary to mention,
the following provisions:

"§ 1. That it shall be the duty of the city marshal be-
tween the first day of May and the first day of September,
of each year, to collect all city street poll taxes levied or as-
sessed by the city council, as herein provided, and shall
give to each person paying such city street poll tax a re-
ceipt therefor. . . . § 2. That the said city mar-
shal shall receive in full compensation for his services for
the collection of the said city street poll tax, under this or-
dinance, the sum of ten per centum upon all moneys so
collected. § 3. If any person liable for the city street
poll tax herein provided for, shall fail, refuse or neglect to

pay the same upon demand by the city marshal, the city marshal shall proceed to collect the same as herein provided. . . . § 5. That any person who shall fail, refuse or neglect to pay upon demand to the city marshal, or his deputy, the annual street poll tax, which shall have been levied or assessed by the city council of said city, or which may be hereafter levied or assessed by the city council of said city, shall be guilty of a misdemeanor, and upon conviction thereof shall be fined in any sum not exceeding twenty-five dollars, or be imprisoned not exceeding thirty days, or both such fine and imprisonment in the discretion of the court. § 6. That it shall be the duty of the city marshal to collect all the city street poll tax from every person liable therefor, and on the neglect or refusal of such person to pay the same, he shall collect the same by seizure and sale of any personal property owned by such person. The sale to be made after three days written notice of time and place of such sale to be posted in three of the most public places of said city before the day of sale. . . . § 13. The city marshal shall enforce the payment of the city street poll tax by any and all the modes herein provided in the name and at the cost of the city."

The constitution of the state (art. 11, § 10) provides, that the legislature shall, by general laws, provide for the incorporation, organization, and classification in proportion to population, of cities and towns; and it is conceded that Port Townsend is a city of the third class, duly organized and existing under and by virtue of a general law passed by the legislature in accordance with the mandate of the constitution. By that law (§ 938 of Bal. Code) the city council of such city is empowered:

"§ 7. To impose on and collect from every male inhabitant between the ages of twenty-one and fifty years an annual street poll tax not exceeding two dollars, and no other road poll tax shall be collected within the limits of such city: Provided, that any member of a volunteer fire company in such city shall be exempt from such tax. . . .

"§ 16. To impose fines, penalties and forfeitures for any

and all violations of ordinances, and for any breach or violation of any ordinance to fix the penalty by fine or imprisonment, or both, but no such fine shall exceed three hundred dollars nor the term of such imprisonment exceed the term of three months."

If the provisions of section 938 of the Code, which we have quoted, are not in conflict with the constitution of the state, or of the United States, it can hardly be disputed that the ordinances founded thereon, and numbered 675 and 639, are valid enactments of the city of Port Townsend. And, if the ordinances in question are valid, we think the averments of the complaint are sufficient to constitute an offense, and that the demurrer thereto was properly overruled.

But it is earnestly insisted by the learned counsel for the appellant that the ordinances and statute providing for the imposition and collection of this city street poll tax are, each and all, violative of the constitution of the state, and of the fourteenth amendment to the constitution of the United States.

Before proceeding to the consideration of the objections interposed by appellant to this poll tax law and these city ordinances, we deem it proper to observe that it is settled by the highest authority that a legislative enactment is presumed to be constitutional and valid until the contrary clearly appears. In other words, the courts will presume that an act regularly passed by the legislative body of the government is a valid law, and will entertain no presumptions against its validity. And, when the constitutionality of an act of the legislature is drawn in question, the court will not declare it void unless its invalidity is so apparent as to leave no reasonable doubt upon the subject. Cooley Const. Lim. (7th ed.), pp. 252-254, and cases cited; id. p. 225; See, also, *Francis v. Atchison etc. R. Co.,* 19

Kans. 303-306. We have mentioned these well established rules because we believe that they should always be kept in mind when the court is called upon to declare invalid an act of the law-making body, a co-ordinate and independent part of the government.

The first and chief contention of appellant is that subdivision 7 of section 938 of the Code, above quoted, and the ordinances founded thereon, are unconstitutional and void for the reason that the tax attempted to be levied and collected under the ordinance, is levied and imposed upon males between the ages of twenty-one and fifty years, alone, and not upon females, nor upon males over the age of fifty years, nor upon males under the age of twenty-one years, nor upon the members of volunteer fire companies.

Although the sum involved in this case is small the question presented for our determination is one of great importance to the various municipalities of the third class throughout the state. This is the first time this precise question has been before this court for determination, and we find, upon investigation, that the decisions of other courts of last resort bearing directly upon the question are far from numerous.

It is true, we have several times had occasion to pass upon the validity of statutes and ordinances providing for the payment of license taxes, or fees, by persons engaged in certain occupations or callings and have held that such exactions, although imposed by the taxing power, are not taxes within the meaning of the constitution, or of the ordinary revenue laws. See, *Fleetwood v. Read,* 21 Wash. 548, 58 Pac. 665, 47 L. R. A. 205; *Stull v. De Mattos,* 23 Wash. 71, 62 Pac. 451, 51 L. R. A. 892; *Walla Walla v. Ferdon,* 21 Wash. 308, 57 Pac. 796. And in *State v. Clark,* 30 Wash. 439, 71 Pac. 20, we held that the inheritance tax law which exempts from its provisions sums be-

low $10,000, when the estate passes to direct heirs and kindred, but grants no such exemption to collateral heirs or strangers to the blood who are devisees, and which does not require all classes of persons mentioned therein to pay taxes on the property received by them at a uniform rate, is not in conflict with the constitutional provisions requir· ing uniformity in the rate of assessment and taxation of property, for the reason that the so-called inheritance tax is only a charge upon the passing of the estate by succession and the privilege of the heirs or devisees to take it, and not a tax on property.

The tax in question is not a tax on property, but it is nevertheless a tax, under any proper definition of that term. It is a poll, or capitation, tax, and is so denominated both in the statute and the ordinances. It is levied for a public purpose, and is clearly a revenue measure. But its assessment is not governed by the general revenue law, or, strictly speaking, by § 2 of art. 7 of the state constitution, which declares that the legislature shall provide by law a uniform and equal rate of assessment and taxation on all property in the state according to its value in money.

It is settled law that the power of taxation is a legislative power, and an incident of sovereignty, and when the people adopt a constitution and thereby create a department of government upon which they confer the power to make laws, the power of taxation is conferred as a part of such general power. And, unless its power of taxation is limited by constitutional provisions, the state, by virtue of its sovereignty, has the power to tax all persons and property within its jurisdiction. Cooley, Taxation (2d ed.), pp. 4-5; (3d ed.), pp. 7, 8, 9, and cases cited. See, also, Judson, Taxation, § 431. Several of the state constitutions provide for the imposition of poll taxes, but such taxes are, it seems,

prohibited by the constitutions of Ohio and Maryland. See, 1 Desty, Taxation, p. 296.

Our constitution does not expressly mention such taxation, and, as that instrument is not a grant of power, but a limitation of power inherent in the state, independent of that instrument, it follows that this tax must be declared valid, unless the legislature was indirectly and by necessary implication prohibited from authorizing it to be levied by some provision of the constitution.

While it is conceded by counsel for appellant that the legislature may, in the absence of constitutional restrictions, "confer upon a city almost supreme power over local taxation," yet they contend that the tax in question, by reason of its lack of uniformity, is repugnant to § 9 of art. 7 of our constitution, and therefore void. That section of art. 7 reads as follows:

"The legislature may vest the corporate authorities of cities, towns, and villages with power to make local improvements by special assessment, or by special taxation of property benefited. For all corporate purposes, all municipal corporations may be vested with authority to assess and collect taxes, and such taxes shall be uniform in respect to persons and property within the jurisdiction of the body levying the same."

Section 12 of art. 11, of the constitution, provides that,

"The legislature shall have no power to impose taxes upon . . . cities . . . or upon the inhabitants or property thereof, for . . . city . . . purposes, but may, by general laws, vest in the corporate authorities thereof the power to assess and collect taxes for such purposes."

These two provisions are the only ones relating to the vesting of the power of taxation in municipal corporations. And they clearly indicate, especially the latter, that the legislature may authorize the taxation, by cities, of persons,

as well as property, within their limits.   Conceding, as
we must, that the legislature had the right to delegate to
cities of the third class the power to levy poll taxes on the
inhabitants thereof, the question naturally arises whether,
in this instance, they exercised the power in conformity
with the constitution.  As we have seen, § 9 of art. 7 of the
constitution, empowers the legislature to vest all municipal
corporations with authority, for corporate purposes, to as-
sess and collect taxes, such taxes to be uniform in respect
to persons and property within the jurisdiction of the body
levying the same.   It is claimed by the learned counsel for
the respondent, as we understand his argument, that this
constitutional provision applies only to the taxation of
property, and that this court has so decided in several
cases.  But counsel is in error, so far as the decisions of this
court are concerned.  The cases referred to relate to license
taxes and the like, which are not deemed taxes, as that term
is ordinarily understood, and they are therefore not appli-
cable to the case in hand.

The constitution says, in effect, that all municipal cor-
porations may tax persons as well as property if authorized
so to do by the legislature, and we are not at liberty to con-
strue that provision so as to eliminate, or give no effect to,
the words "as to persons," therein contained, which we
would be obliged to do in order to hold that it was the in-
tention of the framers of that instrument that property
alone should be taxed by municipal corporations.   All the
power possessed by cities and other municipal corporations
to tax either property or persons is conferred upon them
by the legislature, whose power, as we have already inti-
mated, is practically, though perhaps not absolutely, unlim-
ited in the absence of constitutional restrictions.   And it
will be observed that the only restriction imposed by the
constitution upon the power of the legislature to vest mu-

nicipal corporations with the authority to tax persons and property is that "such taxes shall be uniform in respect to persons and property within the jurisdiction of the body levying the same." It is conceded by counsel for appellant that the uniformity rule in taxation usually prescribed by law does not preclude the legislature from selecting and classifying, in a proper and reasonable manner, the subjects of taxation, and that rule is so firmly established that the citation of cases in support of it is entirely unnecessary.

But it is claimed on behalf of the appellant that the rule of uniformity prescribed by the state constitution was, in this instance, wholly disregarded and ignored by the legislature in exempting from the tax all females, all males not within the designated ages, and members of volunteer fire companies, and that the classification of the persons to be taxed is arbitrary and unreasonable, because it is not based upon any "difference which bears a just and proper relation to the attempted classification." As to the right to classify subjects of taxation, this court, in *McDaniels v. Connelly Shoe Co.*, 30 Wash. 549, 71 Pac. 37, 60 L. R. A. 947, where the question of classification was under consideration, said, "It is true that the mere fact of classification is insufficient to relieve a statute from the reach of this clause of the constitution—that it must appear that the classification is made upon some reasonable and just difference between the persons affected and others, to warrant classification at all." And in *Gulf etc. R. Co. v. Ellis,* 165 U. S. 150, 17 Sup. Ct. 255, in which the question of the power of classification is elaborately discussed, the supreme court, respecting such power, observed, "That must always rest upon some difference which bears a reasonable and just relation to the act in respect to which the classification is proposed, and can never be made arbitrarily

and without any such basis." The classification made in imposing this tax is based solely upon age and sex. It has no relation to the property of the persons to be taxed, or to their ability to pay. The persons selected to bear the burden are under no greater obligations to pay for keeping the streets in repair than others who are exempted from the payment of the tax. Does such classification, then, rest upon a reasonable difference between the persons taxed and others who are not taxed? It has been stated by our highest court that there is no precise application of the rule of reasonableness of classification, and that there cannot be an exact exclusion or inclusion of persons and things. *Magoun v. Illinois etc. Bank,* 170 U. S. 283, 18 Sup. Ct. 594.

Where exemptions from taxation are permissible, the reasonableness of the classification of subjects must therefore be determined from the facts and circumstances appearing in each particular case. It is urged, on the part of the respondent, that the statute under consideration ought to be upheld because the people have acquiesced in it, and these taxes have been levied and collected under it in cities throughout the state ever since the organization of the state government; and *City of Fairibault v. Misener,* 20 Minn. 396, is cited in support of that proposition. The constitution of Minnesota contained the following clause: "All taxes to be raised in this state shall be as nearly equal as may be." Pursuant to the authority given by its charter, the city of Fairibault, in each of the years 1872 and 1873, levied and assessed a poll tax of two dollars on every qualified voter, except members of fire engine, hook and ladder, and hose companies. The defendant, Misener, refused to pay the poll tax assessed against him for each of those years, and an action was brought against him before a justice of the peace to recover the same. The justice

rendered judgment in favor of the defendant, which, on appeal, was affirmed by the district court, and the plaintiff appealed to the supreme court. The principal question before the court in that case was whether the clause in the city charter exempting firemen from the payment of poll tax, was repugnant to the provision of the state constitution above set forth, and the court held that it was not. It seems apparent, from expressions in its opinion, that the decision of the court was largely influenced by the fact that a long continued acquiescence of the people in the statute under which the taxes in question had been collected, had established a legislative and popular construction of the constitution, which, in the opinion of the court, was entitled to great consideration. And it is true that, in case of doubt in the mind of the court as to the proper construction of any particular provision of the constitution, a contemporaneous interpretation, or the subsequent practical construction, of such provision is entitled to great weight. But, in the language of Judge Cooley,

"Acquiescence for no length of time can legalize a clear usurpation of power, where the people have plainly expressed their will in the constitution, and appointed judicial tribunals to enforce it. A power is frequently yielded to merely because it is claimed, and it may be exercised for a long period, in violation of the constitutional prohibition, without the mischief which the constitution was designed to guard against appearing, or without any one being sufficiently interested in the subject to raise the question; but these circumstances cannot be allowed to sanction a clear infraction of the constitution. We think we allow to contemporary and practical construction its full legitimate force, when we suffer it, where it is clear and uniform, to solve in its own favor the doubts which arise on reading the instrument to be construed." Cooley, Const. Lim. (7th ed.), pp. 106, 107.

See, *State ex rel. Chamberlain v. Daniel,* 17 Wash. 111, 49 Pac. 243.

The Minnesota case above cited is confidently relied on by counsel for the respondent as supporting the ruling of the trial court in this case, and it is, in fact, more nearly in point than any other of the numerous cases cited. But, conceding that decision to be correct under the constitution and laws of Minnesota, it cannot be said to be entitled to controlling influence here, for the reason that the general constitutional provision there considered is materially different from the provision of our constitution, now before us for interpretation, and which declares, as we have seen, that taxes for corporate purposes "shall be equal and uniform in respect to persons and property within the jurisdiction of the body levying the same."

The tax attempted to be collected in this instance is not uniform even as to the persons included in the classification made by the legislature, for some persons in the general class are exempted from the payment of the tax. It would therefore seem clear that the section of the statute now under consideration is repugnant to § 9 of art. 7 of the constitution, and consequently void.

This conclusion is fully supported by the decision of the supreme court of Illinois in *Hunsaker v. Wright,* 30 Ill. 146, wherein the constitutionality of a county tax levied upon property within the limits of the city of Cairo was in question, the provision of the constitution there interpreted being in substance identical with § 9 of art. 7 of our constitution. The lower court in that case enjoined the collection of the tax, and its ruling was affirmed by the supreme court. The constitution of that state declared that "The General Assembly shall provide for levying a tax by valuation so that every person and corporation shall pay a tax in proportion to the value of his or her property," and that,

"The corporate authorities of counties, . . . cities, towns and villages, may be vested with power to assess and collect taxes for corporate purposes, such taxes to be uniform in respect to persons and property within the jurisdiction of the body imposing the same." And with regard to those provisions, the court said:

"These provisions were manifestly inserted in the fundamental law, for the purpose of insuring equality in the levy and collection of the taxes to support the government, whether levied for state, county, or municipal purposes. The design was to impose an equal proportion of these burthens upon all persons within the limits of the district, or body imposing them. Under these provisions the legislature has no power to exempt, or release a person, or community of persons, from their proportionate share of these burthens. Not having such power themselves, they are unable to delegate such power to these inferior bodies."

See, also, to the same effect, Cooley, Taxation (2d ed.), pp. 25, 26. We have refrained from discussing the numerous cases cited by counsel upholding levies of taxes payable in labor on highways, for the reason that we have deemed such cases inapplicable to the case at bar. Though in the nature of a tax, such levies are, in general, referable to the police power.

"Neither in common speech nor in customary revenue legislation would a burden of this nature be understood as embraced in the term tax; and statutory provisions for assessment are not therefore applicable to it unless made so in express terms." Cooley, Taxation (2d ed.), p. 15.

Our conclusion is that both the ordinances for the violation of which appellant was tried and convicted, and the provision of the statute upon which they are founded, are unconstitutional and void, and the judgment and sentence is therefore reversed and the action dismissed.

HADLEY and MOUNT, JJ., concur.

FULLERTON, C. J., and DUNBAR, J., dissent.