THE STATE OF FLORIDA *ex rel.* SCOTT M. LOFTIN, COUNTY SOLICITOR, *Plaintiff in Error,* v. A. M. Mc-MILLAN, CLERK CIRCUIT COURT ESCAMBIA COUNTY AND OF THE BOARD OF COUNTY COMMISSIONERS OF SAID COUNTY, *Defendant in Error.*

1. Section 3266 of the general statutes in providing that every person convicted of carrying concealed weapons shall pay a conviction fee of ten dollars to be taxed as costs, fixes a legal fee that is unconditional as against the convicted person whether solvent or insolvent, and the proviso of the section exempting the counties from liability for such conviction fee when the convicted person is insolvent is in conflict with the constitutional provision that when the defendant is insolvent the legal costs and expenses shall be paid by the counties.

2. Where it appears beyond all reasonable doubt that a statute is unconstitutional it is the duty of the court to so declare.

Upon petition for rehearing in this case the following opinion was rendered:

PER CURIAM.—A petition for rehearing was filed in this cause but all the points suggested therein were considered by the court when the opinion was prepared.

Section 3266 of the General Statutes provides that every person convicted of carrying concealed weapons in a court having a prosecuting officer shall pay a conviction fee of ten dollars which shall be taxed as costs, with a proviso that the counties shall not be liable for such fee if the party convicted is insolvent and unable to pay it.

As all legal costs and expenses including the fees of officers are to be prescribed by the legislature, if this statute is not in conflict with the constitution the fee therein fixed is a legal fee and a part of the legal costs and expenses in the case within the meaning of the constitutional provision. But as the proviso to the statute undertakes to relieve the counties of a liability imposed

upon them by Section 9 of Article 6 of the Constitution as amended when the convicted party is insolvent, the proviso is void; and as it is clear from the terms of the section that the legislature intended that the fee therein fixed should not be paid by the counties in any event the entire section must fall or else it would cause results not contemplated or desired by the lawmakers.

The acts referred to as being legislative constructions of Section 9 of Article 16 of the Constitution as amended, do not undertake to relieve the counties of fees fixed by law in cases where the defendant is insolvent. Section 4063 is a liminitation upon the number of witnesses to prove the same fact. Section 4070 in effect excludes all costs for committing magistrates where no indictment or information is filed. Section 972 forbids the payment by counties of invalid claims and constructive mileage or illegal or unnecessary charges in frivolous cases. Section 1793 does not relieve the counties from paying the fees fixed therein for convictions by state attorneys, but provides that the fees collected whether from the defendant or from the county shall be paid into the fine and forfeiture·fund of the county from which such fees are paid by the county, the state attorney's entire compensation being a salary paid by the state.

If the statute involved in this case was fairly susceptible of the construction that the prosecutor's conviction fee provided for therein should be *contingent* upon the solvency of the defendant, that is, if it *entitled* the prosecutor to such fee *only* in cases where the convicted defendant was solvent and financially able to pay it, there would be much force in the contention advanced in the petition for rehearing, but, the questioned statute does not fairly admit of such a construction. It *unconditionally* fixes the fee to which the prosecutor *shall be entitled* in all cases where there shall be a conviction of the crime

of carrying concealed weapons, and commands that such fixed fee shall be *taxed as costs in all such cases,* whether the convicted defendant be solvent or insolvent, and then, contrary to the constitution udertakes to relieve the counties of the payment of such unconditionally fixed and prescribed fee in the event the convicted defendant is unable to pay it, leaving the prosecutor still unconditionally *entitled* to receive it.

It appears beyond all reasonable doubt that the section is unconstitutional and it is the duty of the court to so declare.

SHACKLEFORD, C. J., TAYLOR, HOCKER, and WHITFIELD, JJ., concur;.

COCKRELL and PARKHILL, JJ., adhere to their former opinion that the constitutional question is not necessarily involved.