THE SEABOARD AIR LINE RAILWAY, A CORPORATION, *Plaintiff in Error*, v. ABRAHAM SIMON AND FRANK L. SIMON, PARTNERS AS ABE SIMON & CO., *Defendants in Error.*

1. Where the subject embraced in the body of an act is less comprehensive than, but is included within, the subject expressed in the title, the provision of the constitution that each law shall embrace but one subject and matter properly connected therewith, which subject shall be expressed in the title, may not be violated, when the subject expressed in the title is not misleading.

2. The provision of the State Constitution that no person shall be deprived of property without due process of law, and the provisions of the Fourteenth Amendment of the Constitution of the United States as to property rights, extend to the property held and used by corporations, since the beneficial ownership of such property is in natural persons, and the law forbids the doing by indirection that which is forbidden to be directly done.

3. The legality of classifications adopted for legislative regulation may be determined with reference to the due process of law provision of the State Constitution; but as such determination involves a Federal question the decisions of the Supreme Court of the United States control.

4. Classifications adopted for legislative regulation should have some just relation to, or reasonable basis in, essential differences of conditions and circumstances with reference to the subject regulated, and should not be merely arbitrary; and all similarly situated or having similar legal duties and obligations in regard to the subject regulated, should be included in one class, at least where there are no practical differences that are sufficient to legally warrant a further or special classification in the interest of the general welfare.

5. The legal duties of persons, firms or corporations operating railroads may be of a peculiar nature and essentially different from the duties of other common carriers, and as to such matters they may be separately classified for purposes of legislative regulation.

6. Where the subject of regulation as in chapter 5424, acts of 1905 is payment for goods lost in transit by a common carrier, a subject as to which the legal duties of all common carriers are similar, and there appears to be no reasonable basis for imposing the burden of the regulation upon railroads alone, a statute making such regulation applicable to railroads only, provides for an unreasonable classification that in effect denies to those operating railroads due process of law and the equal protection of the laws in violation of constitutional rights, and such statute is inoperative.

This case was decided by Division A.

Writ of Error to the Circuit Court for Jefferson County.

The facts in the case are stated in the opinion of the court.

*Geo. P. Raney,* for plaintiff in error.

*T. M. Puleston,* for defendants in error.

WHITFIELD, J.—In an action in the Circuit Court for Jefferson County to recover for sugar lost while being transported by the railroad company in March, 1907, the court at the request of the plaintiff, gave the following instruction to the jury: "The court instructs you to find for the plaintiffs the value of the sugar, to-wit, $145.00, and allow them in addition thereto 25 per cent. per annum on said sum from the date when plaintiff's claim was filed with defendant." The defendant excepted thereto. Verdict and judgment were rendered for the plaintiffs in accordance with the instruction above quoted. A motion for new trial covering the charge was over-ruled. The defendant excepted and took writ of error.

The only question presented for determination is whether the statute authorizing the allowance of 25 per cent. per annum in addition to the value of the goods is not unconstitutional because the classification adopted is such that it deprives the company of property without due process of law and denies to it the equal protection of the laws.

Chapter 5424 Acts of 1905, provides "that any person, firm or corporation operating any railroad in this State" shall within 90 days after the filing of a claim for the loss of or damage to any shipment, pay the claim, and upon failure to so pay "then they shall pay to said claimant the sum of twenty-five per cent. per annum on the principal sum of said claim, and when the said claimant shall bring suit and recover for his claim * * * he shall be allowed in said suit the said twenty-five per cent. per annum in addition to the principal sum of said claim and have judgment therefor," provided the recovery is greater than the sum that had been tendered in settlement of the claim before the expiration of the said ninety days.

The title to the chapter is "An Act Providing that any Common Carrier Transporting Freight Shall Pay Claims for a Loss or Damage to any Shipment Received by Said Common Carrier Within a Certain Time from the Filing by the Shipper of said Claim with the Common Carrier, and When, Under Certain Conditions they Fail so to Pay said Claim, the said Common Carrier Shall Pay Interest on the said Claim at the Rate of Twenty-five Per Cent. Per Annum, and Under Certain Conditions Shall be Allowed Judgment for the said Interest in Addition to Said Claim."

While the title of the statute extends to the comprehensive class of "any common carrier," the body of the act covers only "any person, firm or corporation operating any railroad in this State."

Where the body of a statute covers a subject affecting a class not covered by the title the constitutional provision that "each law enacted in the legislature shall embrace but one subject and matter properly connected therewith, which subject shall be briefly expressed in the title" may be violated; but where the class affected by the subject contained in the body of the act is not as broad as, but is included within, that expressed in the title, the quoted provision of the organic law may not be violated. The body of the act should not contain and operate upon a subject affecting a class that is broader and more comprehensive than the one expressed in the title of the act, but the subject covered by the body of the act may be more restricted if included within the subject expressed in the title, when the title is not misleading. The title may be broader than the act, but the act should not be broader than the title. Otherwise the subject embraced in the act may not be expressed in the title as required by the provision of the organic law.

Common carriers of goods ordinarily include all persons, firms or corporations operating a railroad; but persons, firms or corporations operating a railroad do not ordinarily include all common carriers of goods. The class affected by the subject embraced in the statute is not as broad as, but is included within, that expressed in the title. See Lewis' Suth. Stat. Const., § 124; 26 Am. & Eng. Ency. Law (2nd ed.) 582; State *ex rel.* Moodie v. Bryan, 50 Fla. 293, 39 South. Rep. 929.

The legality of classifications adopted for legislative regulation may be determined with reference to the due process of law provision of the State constitution; but as such determination involves a Federal question the decisions of the Supreme Court of the United States control.

The provision of the State constitution that "no person shall * * * be deprived of * * * property without due process of law," extends to the property held and used by corporations, since the beneficial ownership of such property is in natural persons, and the law forbids the doing by indirection that which is forbidden to be directly done. Upon the same principle of law the provisions of the Fourteenth Amendment to the constitution of the United States relating to due process of law and the equal protection of the laws, being intended to be complete in its effectiveness, apply to the property held and used by corporations. State v. Atlantic Coast Line Ry. Co., decided at this term.

The requirements of due process of law relate to rights as well as to remedies, and extend to all powers of government. The guaranty of due process of law afforded by the constitution forbids the arbitrary exercise of governmental power by the legislature.

An unreasonable classification of persons or corpora-

tions for the purposes of a legislative regulation that will be burdensome to those included in the class regulated, leaving others who are similarly conditioned with reference to the subject regulated free from the regulation and burden, may be an arbitrary exercise of governmental power.

The language of the statute in this case is explicit in limiting its operation to only one class of common carriers of goods, to-wit: persons, firms or corporations operating railroads; and the validity of the act with reference to the classification must be determined by a consideration of its plain and unambiguous terms. The subject regulated is not peculiar to railroads, but is equally and similarly applicable to all common carriers of goods, whether the service is rendered by the use of railroads, boats or other means.

If this statute is enforced and two entirely similar shipments are made at the same time between the same points, one by means of a railroad and the other by means of a steamboat, and both shipments are lost in transit, the shipper may under the circumstances stated in the act, recover from the operators of the railroad 25 per cent. per annum in addition to the value of the goods lost by it; while under exactly similar circumstances only the value of the goods may be recovered from the operators of the steamboat. This is clearly an unjust discrimination against those operating the railroad, since there is apparently no real difference between the two common carriers with reference to the subject regulated, which is the payment for goods lost in transportation by a common carrier.

The more general use of railroads as common carriers of goods, the absence of steamboat or other competition in some portions of the State, and the amount of busi-

ness done by railroads, do not appear to furnish a sufficient difference for a reasonable separate classification, including only those who operate railroads, for the purpost of regulation here considered.

Authority to fix the rate of interest or additional compensation to be paid upon contractual or legal obligations because of delay in settlements, is properly exercised by the law making department of the State government; and the power of the legislature in the premises is limited only by applicable provisions of the State and Federal Constitutions. The organic law contains no express limitations upon the power of the legislature to fix compensatory rates; but this governmental function must be so exercised as not to violate any provision or principle of organic law for the protection of property rights. Like all other statutes imposing regulations, such laws should be based upon a just classification of persons and corporations with reference to the subject regulated, and such classification should not be purely arbitrary.

Great latitude should be accorded to the legislature in the exercise of its proper powers. Billings v. Illinois 188 U. S. 97, 23 Sup. Ct. Rep. 272. But if a statute clearly violates any limitation upon the law making power contained in the State or the Federal Constitution, it is the duty of the courts to so announce when it is duly made to appear. State ex rel., v. McMillan, 55 Fla. 254, 45 South. Rep. 882.

Where persons or corporations engaged in the same character of business under practically the same legal duties and obligations, are subjected to different restrictions or burdens, with reference to the duties and obligations of such business, and there are no legal or natural, practical and reasonable differences of a material or substantial nature in the duties owed by them in the

subject regulated, which justify a difference in regulations of the duties and obligations, with reference to the business engaged in by all, the different restrictions or burdens imposed on some and not on all similarly conditioned may operate as a deprivation of property without due process of law, and as a denial of the equal protection of the laws.   See 8 Cyc. 1073.

The constitutional guarantees of due process of law and of equal protection of the laws do not prevent the making of just and reasonable classifications of persons and corporations with reference to subjects for legislative regulation.   See Barbier v. Connolly, 113 U. S. 27, 5 Sup. Ct. Rep. 357; Hayes v. Walker, 54 Fla. 163, 44 South. Rep. 747.

In determining the legality of classifications for legislative regulation, the subject to be regulated, the character, extent and purpose of the regulation, the classes of persons legally and naturally affected by the regulation, and the particular classification and regulation adopted by the statute, should be considered.   Difficulty is often experienced in determining whether all those belonging to the classes legally and naturally effected by the regulation are included in the classification made, or whether any are illegally excluded from the particular classification adopted by the statute.

The classification adopted should have some just relation to, or reasonable basis in, essential differences of conditions and circumstances with reference to the subject regulated, and should not be merely arbitrary; and all similarly situated or having similar legal duties and obligations in regard to the subject regulated, should be included in one class, at least where there are no practical differences that are sufficient to legally warrant a further or special classification in the interest of the general wel-

fare.   See McGehee Due Process of Law, 56 *et seq;*
Jones v. Brim, 165 U. S. 180, 17 Sup. Ct. Rep. 282; *In
re* Van Horne, N. J. L.     , 70 Atl. Rep. 986; Indianap-
olis Tr. & Term. Co. v. Kinney,     Ind.    , 85 N. E.
Rep. 954.

The legal duties of persons, firms or corporations
operating railroads may be of a peculiar nature and essen-
tially different from the duties of other persons, firms or
corporations, or even different from other common car-
riers, such for example as the fencing of tracks, the op-
eration of trains, construction of tracks, maintenance and
operation of terminals, depots, crossings, protection of
employees and the like. As to such matters peculiar to
railroads they may be separately classified for purposes
of legislative regulation.   See Minneapolis & St. L. Ry.
Co. v. Beckwith, 129 U. S. 26, 9 Sup. Ct. Rep. 207; Mis-
souri Pac. Ry. Co. v. Mackey, 127 U. S. 205, 8 Sup. Ct.
Rep. 1161; Missouri, K. & T. R. Co. of Texas v. May,
194 U. S. 267, 24 Sup. Ct. Rep. 638; Atchison, T. & S.
F. R. Co. v. Matthews, 174 U. S. 96, 19 Sup. Ct. Rep.
609; Tullis v. Lake Erie & W. R. Co., 175 U. S. 348,
20 Sup. Ct. Rep. 136; Lake Shore & M. S. Ry. Co.
v. State of Ohio, 173 U. S. 285, 19 Sup. Ct. Rep. 465;
Calvert Regulation of Commerce, 163 *et seq;* Pittsbough,
C. C. & St. L. Ry. Co. v. Lightheiser, 168 Ind. 438, 78
N. E. Rep. 1033; Johnson v. St. Paul & D. Co., 43
Minn. 222, 45 N. W. Rep. 156, 8 L. R. A. 419; Yazoo
& M. V. Ry. Co. v. Harrington, 85 Miss. 366, 37 South.
Rep. 1016. 3 A. & E. Ann. Cas. 181 and cases cited;
8 Cyc. 1069.

Because of the peculiar rights, duties and responsibil-
ities applicable to all common carriers of goods, their
obligations to compensate for failure to properly dis-
charge their contractual or legal duties to the public

are regarded as being sufficiently different from others to justify a classification including only common carriers. See Seaboard Air Line Ry. Co. v. Seegers, 207 U. S. 73; Sup. Ct. Rep.    ; Morris-Scarboro-Moffit Co. v. Southern Express Co., 146 N. C. 167, 59 S. E. Rep. 667.

There appears to be no real difference between the legal duty of those who operate railroads and those otherwise engaged as common carriers of goods to pay for goods lost or injured in transportation.

The rights, duties and responsibilities of all common carriers of goods as to compensating for goods lost in transit are in law practically the same, whether the service is rendered by the use of a railroad, a boat, or other instrumentality. The loss of goods to the shipper is the same and the usual remedies afforded by law are the same.

While courts will not needlessly inquire into the legislative motives or policy, and will not hold a statute to be inoperative because unconstitutional, unless it is clear beyond a reasonable doubt that the organic law has been violated; yet, where constitutional provisions have been violated in the enactment or in the provisions of a statute, it is the duty of the courts to so declare in a proper proceeding. The constitutional guaranty of due process of law requires that statutes shall operate upon all alike under practically similar conditions; and if a statute in providing a regulation, arbitrarily or unjustly discriminates between persons or corporations that are similarly conditioned with reference to the duties regulated, the organic provisions securing property rights may be violated. No greater burdens should be laid upon one than are laid upon others in the same calling and condition with reference to the subject regulated. See Barbier v. Connolly, 113 U. S. 27, 5 Sup. Ct. Rep. 357.

In State *ex rel.* Ellis v. Atlantic Coast Line Ry. Co. 52 Fla. 646, 41 South. Rep. 705, 12 L. R. A. (N. S.) 506, the subject of regulation pertained exclusively to railroads. In State *ex rel.* Lamar v. Jacksonville Terminal Co., 41 Fla. 363, 27 South. Rep. 221, the subject of regulation was appellate proceedings in cases subject to reasonable classification. In Dell v. Martin, 41 Fla. 221, 26 South. Rep. 188, 79 Am. St. Rep. 171, 45 L. R. A. 201, the subject of regulation could reasonably be applied to a peculiar class of cases. In Bloxham v. Florida Cnt. & P. R. Co., 35 Fla. 625, 17 South. Rep. 902, 183 U. S. 471, the subject was taxation and the peculiar character of railroad properties justified a separate classification of them. In other cases cited by counsel the subject of regulation was peculiar to the limited class covered by the regulation.

The subject of regulation in this case is not the operation of railroads, but it is the payment for goods lost in transportation by a particular kind of common carrier. The character and purpose of the regulation are fairly and naturally applicable to the legal duties and obligations of all common carriers of goods as a comprehensive class, though the advantages of the regulation may be more pronounced in regard to railroads because of their more general use or otherwise. The particular classification adopted by the statute is limited to those operating railroads. If the nature and the purpose of the regulation are naturally and logically applicable alike to the legal duties and obligations of all common carriers of goods, and there is no practical and essential difference between railroads and other common carriers of goods with reference to the subject of regulation, so as to make a separate classification of railroads for the purpose of such regulation reasonable and necessary for the

public welfare, the classification made being limited to railroads, may not be warranted by law.

The practical advantages possessed by those who operate railroads may enable them to more successfully defer the discharge of their legal duties and obligations with reference to compensation for goods lost in transit; but this difference is only in degree and it does not now appear to be sufficient to justify a separate classification of railroads for regulating duties that are applicable alike to all common carriers of goods. The more general use of railroads and the greater volume of business done by them do not appear to justify a separate classification of railroads for the purposes of regulating the payment for goods lost in transit. If so, then railroads could be classified for this purpose with reference to the amount of business done by each of them.

There appears to be no valid reason for making regulations for railroads materially different from those made for express companies, steam boats and perhaps other common carriers of goods in a subject that is legally and naturally and universally applicable to all common carriers alike.

In the particulars where the legal duties of those who operate railroads essentially differ from other common carriers, they may be separately classified for legislative regulation without offending the due process of law and the equal protection of the laws, clauses of the organic law; and in cases of doubt the legislative will should be enforced in deference to the law making power. But, under the decisions of the Supreme Court of the United States, where there appears to be no just basis for a classification adopted, and the regulation imposes a material burden upon a part only of a comprehensive class with reference to legal duties and obligations that pertain

in substantially the same manner to all of the class, the classification is not in accord with the requirements of the constitution as to due process of law and the equal protection of the laws. Gulf, C. & S. F. Ry. Co. v. Ellis, 165 U. S. 150, 17 Sup. Ct. Rep. 255.

The principles announced in the last cited case have not been rejected, but have been recognized or approved in many later cases. See Atchison, T. & S. F. R. Co. v. Matthews, 174 U. S. 96, 19 Sup. Ct. Rep. 609; Fidelity Mutual Life Ass'n. v. Mettler, 185 U. S. 308, 22 Sup. Ct. Rep. 662; St. Louis, I. M. & S. Ry. Co. v. Paul, 173 U. S. 404, 19 Sup. Ct. Rep. 419; Magoun v. Illinois Trust & Savings Bank, 170 U. S. 283, 18 Sup. Ct. Rep. 594; Seaboard Air Line Ry. Co. v. Seegers, 207 U. S. 73, Sup. Ct. Rep. ; Dell v. Marvin, 41 Fla. 221, 26 South. Rep. 188, 79 Am. St. Rep. 171, 45 L. R. A. 201; Efland v. Southern R. Co., 146 N. C. 135, 59 S. E. Rep. 355; State v. Ide, 35 Wash. 576, 77 Pac. Rep. 961; 1 A. & E. Ann. Cases, 634; Standard Oil Co. v. Spartanburg, 66 S. C. 37; See also Ex parte Sohnake, 148 Cal. 262, 7 A. & E. Ann. Cas. 475.

A common carrier has possession of goods it is transporting, has a right to compensation for the transportation and a lien therefor, and has other privileges and advantages with reference to the public service that warrant valid regulations affecting the legal duties and obligations of common carriers as a distinct and comprehensive class. Chapter 5618, approved June 30th. 1907, appears to be designed for this purpose.

In providing for the regulation of settlements for goods lost in transportation, a subject applicable alike to all common carriers of goods, chapter 5424, acts of 1905, makes a separate classification of persons, firms or corporations operating railroads that is not based upon

legal or natural, practical and reasonable differences in conditions with reference to the subject regulated. The regulation does not cover a subject in which the duties of those who operate railroads legally differ from other common carriers of goods, and there appears to be no natural, practical and substantial difference between railroads and other common carriers of goods with reference to the duty to pay for goods lost in transit, that is a reasonably sufficient basis for the classification.

In making this special classification for the purposes of this regulation the constitutional guaranties of due process of law and the equal protection of the laws are violated, and the statute for this reason must be held to be inoperative. Without a valid statute, 25 per cent. per annum cannot be allowed on a recovery from a common carrier for goods lost in transit. As the statute is invalid, the instruction given at the request of the plaintiff was not authorized by law. For this reason the judgment is erroneous.

The loss of the goods by the carrier and their value being admitted and the amount added to the verdict and judgment by virtue of the statute herein declared inoperative, being capable of definite ascertainment, it is ordered that, if the defendants in error do within thirty days enter a remittitur for the amount so added under the statute the judgment will be affirmed, otherwise the judgment stands reversed.

The costs on this writ of error will be taxed against the defendants in error.

SHACKLEFORD, C. J., and COCKRELL, J., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.