[No. 13412.    Department Two.    July 29, 1916.]

THE STATE OF WASHINGTON, *on the Relation of J. D. McMannis, City Attorney etc., Plaintiff*, v. THE SUPERIOR COURT FOR WHITMAN COUNTY, *Respondent*.[1]

MUNICIPAL CORPORATIONS—TAXATION — POLL TAX.    An ordinance levying a poll tax upon all male inhabitants over twenty-one, upon the authority of the act of 1905 (2 Rem. & Bal. Code, § 7766), although valid when passed, is repealed or rendered invalid as to males over fifty years of age, by 3 Rem. & Bal. Code, § 7685, subd. 7, passed in 1913, authorizing cities of the third class to levy a street poll tax upon male inhabitants between the ages of twenty-one and fifty years, and no other.

Certiorari to review a judgment of the superior court for Whitman county, McCroskey, J., entered January 24, 1916, dismissing a writ of certiorari to a justice of the peace, entered upon stipulated facts.    Affirmed.

*J. D. McMannis*, for plaintiff.

*J. P. Burson*, for respondent.

HOLCOMB, J.—In this proceeding, as to the correctness or propriety of which there is no issue, we review a judgment by the superior court of dismissal of a writ of review of the proceedings of a justice of the peace.

The superior court had the matter upon a written stipulation of the facts which are, in substance, these:    On March 16, 1915, complaint in writing was made to the police justice court of Tekoa, Whitman county, this state, wherein the

[1]Reported in 159 Pac. 383.

state was plaintiff and one Follett was defendant, charging Follett with violation of the provisions of sections 1 and 2 of an ordinance No. 100, which was an ordinance providing for an annual street poll tax for the city of Tekoa. Follett was placed under arrest, and obtained a change of venue from the police justice court of Tekoa to another justice in that municipality, to which justice the cause was transferred. The case was set for trial on July 16, 1915, and upon that date, the case being called for trial, the justice dismissed it as of his own motion. Thereupon the plaintiff obtained a writ of review in the superior court.

Ordinance No. 100 of Tekoa is as follows:

"An Ordinance providing an annual street poll tax for the Town of Tekoa, and for the collection thereof, and providing a penalty for the violation hereof; and repealing Ordinance Numbered Twenty-one (21) and all other ordinances or parts thereof of the Town of Tekoa in conflict with the provisions of this ordinance.

"Be it ordained by the Council of the Town of Tekoa:

"Sec. 1. That there be and there hereby is imposed upon each and every male inhabitant of the town of Tekoa, over the age of twenty-one (21) years, an annual street poll tax of two ($2) dollars; and such poll tax shall be due and payable from such inhabitant on demand at any time during the calendar year.

"Sec. 2. That any such inhabitant failing or refusing to comply with the provisions of this ordinance shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined in any sum not less than $10 nor more than $25, together with the costs of prosecution, and may be imprisoned until such fine and costs are paid; provided that such violation may be redressed and the amount of said poll tax may be collected and recovered, by civil action instituted for that purpose, against the party liable therefor.

"Sec. 3. That ordinance number Twenty-one (21), and all other ordinances or parts thereof, of the town of Tekoa, in conflict with the provisions of this ordinance, be and the same are hereby repealed.

"Sec. 4. That this ordinance shall take effect and be in force from and after its passage, approval and publication. "Passed the council August 7, 1905."

It is stipulated that the defendant Follett is a male inhabitant of Tekoa over the age of fifty years, and refused to pay his annual poll tax for the year 1915 after due demand.

The question for determination is whether or not Follett, being over the age of fifty years, was liable for the payment of poll tax or for the penalty for failure so to pay, under the ordinance of Tekoa. Tekoa is a city of the third class.

By the laws of 1890 as amended in 1891, found in subd. 7 of § 7685, Rem. & Bal. Code, cities of the third class were empowered:

"To impose on and collect from every male inhabitant between the ages of twenty-one and fifty years an annual street poll tax not exceeding two dollars, and no other road poll tax shall be collected within the limits of such city; Provided, that any member of a volunteer fire company is such city shall be exempt from such tax."

In *State v. Ide*, 35 Wash. 576, 77 Pac. 961, 102 Am. St. 914, 67 L. R. A. 280, this provision was held unconstitutional by this court, upon the ground that it contained ununiform and invalid classifications. In *Tekoa v. Reilly*, 47 Wash. 202, 91 Pac. 969, 13 L. R. A. (N. S.) 901, the *Ide* case was specifically overruled by this court. In 1905 the legislature empowered councils of cities of the third and fourth classes in this state:

"To impose on and collect from every male inhabitant of such city over the age of twenty-one years an annual street poll tax not exceeding two dollars, and no other road poll tax shall be collected within the limits of such city." Rem. & Bal. Code, § 7766.

The ordinance in question was passed pursuant to that grant of power. In 1913, an amendment was enacted by the legislature (Laws 1913, p. 315; 3 Rem. & Bal. Code, § 7685),

which is practically a reenactment, as to cities of the third class, of subd. 7, § 7685, Rem. & Bal. Code, which had been declared unconstitutional in the *Ide* case, later overruled by the *Reilly* case, *supra*.

There is no need to discuss the intricacies of the legislation as affected by the decision of the court in the *Ide* case and the later amendments and repeals by the legislature. These questions are discussed at great length in the briefs of counsel, but it is thoroughly established in this state that municipalities have no power except such as is expressly delegated by the sovereign power, the state. When that power is extended, the extended power takes effect from the date of the grant by the state. When it is limited, the limited power also takes effect upon the date of the taking effect of such limiting legislation. While the ordinance of Tekoa of 1905 was valid at the time, as applying to all male citizens over the age of twenty-one years, and was the only such power granted by the state to such municipality, nevertheless that power was again limited by the later act of 1913, which limited the power of such municipalities to levy and collect poll taxes only from males between the ages of twenty-one and fifty years. That act being a limitation upon the power of the municipality, it follows that, at the time of the attempt to collect the poll tax in question, the city had no such power. Either its ordinance was void or it was necessarily amended in effect by the legislation of 1913 to the extent that a poll tax could not be collected from, nor could the ordinance be enforced in any of its provisions against, persons fifty years of age or over.

The superior court was right in holding that there is no liability of the defendant charged for the payment of the poll tax under the ordinance of Tekoa, or for any penalty for failure to pay the same.

The judgment is affirmed.

MORRIS, C. J., PARKER, MAIN, and BAUSMAN, JJ., concur.